## Schoonover, Appellant, *v*. Ralston.

*Vendor and vendee—Specific performance—Orphans' court—Failure of consideration—Damages.*

Where two persons enter into an agreement in writing for the purchase and sale of land, with knowledge on the part of the purchaser that the coal under the land had been sold to another, but without any reservation of the coal in the agreement, and after the death of the vendor the latter's administrator petitions the orphans' court for specific performance, to which petition the purchaser assents and joins in the prayer thereof, the purchaser cannot thereafter refuse performance, and if an ejectment is brought against him, and he fails to show what, if any, coal is under the land, or the value of the coal, recovery may be had against him for the whole balance of the purchase money.

Argued Oct. 28, 1903.   Appeal, No. 76, Oct. T., 1903, by plaintiff, from judgment of C. P. Clearfield Co., Feb. T., 1900, No. 256, for defendant non obstante veredicto in case of B. D.

Schoonover, Administrator of Joseph Potter, v. Alexander Ralston.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Ejectment for land in Cooper township.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas H. Murray*, with him *Singleton Bell* and *Allison O. Smith*, for appellant.—Ralston's knowledge of the prior sale of the coal, under the circumstances, bars the defense made on the ground of such prior sale : Cadwalader v. Tryon, 37 Pa. 318 ; Knepper v. Kurtz, 58 Pa. 480.

The enforcement of a contract of a decedent for the sale of land is exclusively in the orphans' court under 15th and 16th sections of the Act of February 24, 1834, P. L. 70 : Myers v. Black, 17 Pa. 193, 198 ; Porter v. Dougherty, 25 Pa. 405, 406 ; Mussleman's Appeal, 65 Pa. 480, 485.

If that court has exclusive jurisdiction then defenses against the enforcement of such contracts, including such a defense as was made herein, must be made in that court, and the cases show this : Cobb v. Burns, 61 Pa. 278–281 ; Brady's Appeal, 66 Pa. 277–279 ; Nelson v. Nelson, 117 Pa. 278.

A decree of the orphans' court is placed on the some footing as a judgment of a court of common law and cannot be inquired into collaterally : Klingensmith v. Bean, 2 Watts, 486 ; McPherson v. Cunliff, 11 S. & R. 422–437 ; Lockhart v. John, 7 Pa. 137–139 ; Gilmore v. Rodgers, 41 Pa. 120–128.

*A. H. Woodward*, with him *A. M. Liveright* and *D. L. Krebs*, for appellee.—There was an absolute failure of the title as to an important and valuable part of the realty.    Under all the authorities we were not bound to accept any less than a marketable title to the entire estate in fee : Memmert v. McKeen, 112 Pa. 315 ; Batley v. Foerderer, 162 Pa. 460 ; Speakman v. Forepaugh, 44 Pa. 363 ; Herman v. Somers et al., 158 Pa. 424 ; Holmes v. Wood et al., 168 Pa. 530 ; Reighard's Estate, 192 Pa. 108 ; Cathcart v. Bowman, 5 Pa. 317 ; Funk v. Voneida, 11 S. & R. 109.

There being an admitted failure of title the rights of vendee were, (*a*) to give notice of a rescission of the contract, and demand repayment of the purchase money and compensation for the value of improvements, (*b*) to affirm as to the title that could be made and accept an abatement of the purchase money price, if the damages could be ascertained, or, (*c*)—and this is what defendant has done in this case—hold possession of the property until he is made whole and restored to his former position : Walker v. France, 112 Pa. 203 ; Gans v. Renshaw, 2 Pa. 34 ; Withers v. Atkinson, 1 Watts, 236 ; Stitzel v. Kopp, 9 W. & S. 29.

OPINION BY PORTER, J., July 28, 1904 :

Joseph Potter and Alexander Ralston, on March 20, 1890, entered into an article of agreement in writing under the provisions of which the former agreed to sell and convey by " a clear and lawful deed," to the latter a tract of land containing one hundred and twenty-seven acres, more or less ; Ralston agreeing to pay for the property the sum of $900, one half to be paid the first day of May, 1890, and the other half the first day of May, 1891 ; the conveyance of the property to be made after the last payment. Joseph Potter died intestate in the month of August, 1891, and letters of administration upon his estate were issued to Schoonover on the 27th day of that month.

The administrator having presented his petition to the orphans' court of Clearfield county setting forth the provisions of the written agreement between Potter and Ralston, that Potter died without having made any provision for carrying out the said contract, and that the petitioner desired to close up the transaction, prayed the court for a decree of specific performance of the contract. Ralston, the defendant, appeared in that proceeding and acquiesced in the making of the decree by filing a paper in the following language : " Alexander Ralston, the purchaser of said lands, joins in the prayer of the petition and asks that it be granted ; he further says that he is ready to carry out the said agreement on his part." The orphans' court granted the common prayer of the parties and on January 5, 1898, decreed that " it appearing that the said contract made by Joseph Potter and Alexander Ralston has been so far executed that it would be inequitable to rescind it and as spe-

cific performance thereof is prayed by the administrator of said
estate and also by Alexander Ralston, the purchaser, it is or-
dered, adjudged and decreed that specific performance of said
contract be had."

The administrator subsequently tendered to the defendant a
deed in proper form, which the latter declined to accept and
pay the purchase money.    The administrator subsequently
brought this action of ejectment, to enforce payment of the bal-
ance of the purchase money alleged to be due.    The trial re-
sulted in a verdict for the plaintiff, finding that there was a
balance of purchase money unpaid amounting to $737.88, with
interest from September 21, 1890 ; and a specific finding upon
a question specially submitted to the jury, that " Alexander
Ralston, did have actual knowledge that the coal under the
premises in dispute was sold prior to March 20, 1890, by Joseph
Potter to John G. Reading."    The court at the trial reserved
the question whether the right of the plaintiff to recover must
be totally defeated, for the reason that, prior to the contract
with defendant, Potter had sold the coal, and, the defendant
under the terms of his agreement being entitled to the coal,
the administrator was unable to comply with the terms of the
contract, and ought not to be permitted to collect the purchase
money.    The learned judge of the court below subsequently
entered judgment in favor of the defendant non obstante vere-
dicto.

The learned judge filed an opinion in support of the conclu-
sion at which he arrived, and based his judgment upon the
ground that the defendant was entitled to hold possession with-
out electing to either affirm or rescind the contract, until he is
made whole and restored to his former position, to wit : by be-
ing refunded the purchase money he has paid, and reimbursed
for improvements made.    The learned judge held, to put it in
other words, that this administrator, because he could not con-
vey all that the decedent had contracted for, must now tender
the defendant all the purchase money that he had paid and the
value of all his improvements, and that then, after all that has
occurred, the defendant would still have a right of election to
affirm or rescind his contract.    We must hold that these par-
ties have gotten far past the point at which any such rule could
be applied.

The title to the coal in this land, if there is any coal there, was vested in John G. Reading by deed from Potter which was duly recorded on December 14, 1882. The jury found that the defendant has had actual knowledge since prior to March 20, 1890, that the title to this coal was in Reading. He went into possession of this land knowing that fact. There was no evidence in this case that the defendant had ever spent one cent in improving this land. The only evidence that he had paid any part of the purchase money was contained in an indorsement on the contract, in these words : " Received August 24, 1892, on the within article $501, by probate account of Alexander Ralston ; (signed) B. D. Schoonover, administrator," etc. What this " probate account " embraced does not appear in evidence. If it was simply an application upon this purchase money of some independent claim or claims which this defendant had against the estate of the decedent, the defendant certainly would not have the right to demand that those independent claims should be paid in money before he should be required to surrender possession of the lands upon which he had actually paid nothing. Assuming, however, that this receipt means that the defendant paid the amount mentioned to the administrator on August 24, 1892, then he paid it knowing that Potter had been dead for over a year and that this administrator could not convey to him the coal underlying the tract of land. A purchaser upon discovery of the facts which would warrant his rescission of a contract, has the right to rescind and demand the restoration of what he has paid on the contract or he may elect to affirm the contract and demand compensation in damages for the failure of the other party to perform. It is not necessary in this case to inquire whether, as between the original parties to a contract for the sale of real estate, the purchaser upon discovery of the fact that his vendor cannot deliver all of the property covered by the contract is bound to notify that grantor of his election to rescind or affirm the contract, or may wait for years and then say first pay me back what I have paid and the value of my improvements, and then I will exercise my right to affirm or rescind. There must in every case a time arrive when the party is put to his election and after which he will not be permitted to declare a rescission of a contract. This defendant, since 1891, has been

dealing with an administrator, an officer to whom the law has committed the settlement of a decedent's estate. The orphans' court has jurisdiction of the accounts of the plaintiff and his actions are subject to the control of that tribunal. The jurisdiction to declare a specific performance of a contract of a decedent for the sale of real estate is vested exclusively in the orphans' court, under the fifteenth section of the Act of February 24, 1834, P. L. 70 : Cobb v. Burns, 61 Pa. 278 ; West Hickory Mining Association v. Reed, 80 Pa. 38. A contract for the sale of land converts the right to the purchase money into personalty, which upon the death of the vendor passes to his personal representative, and under the jurisdiction of the orphans' court. When in 1898 the administrator presented his petition for a specific performance of this contract, the defendant voluntarily appeared ; they thus submitted themselves personally to the jurisdiction of a court which had exclusive jurisdiction of the subject-matter. The defendant had then known for years that the estate of which this plaintiff was the legal representative did not have the title to the coal under the land in question, and he must be presumed to have known that an administrator could not convey property to which the estate did not have title. He was then called upon to show cause why this contract should not be specifically performed, his joining in the prayer for a specific performance was an affirmance of the contract, and he cannot now in a collateral proceeding because of any fact of which he then had knowledge be permitted to assert the right to rescind.

The conclusion that the defendant must be held to have affirmed this contract does not necessarily imply however that he was precluded from defending as to the amount in which the consideration had failed. When a defect in title goes only to a part of the property, and that not the principal one, or an encumbrance involves only a fraction of the value, it may be compensated by a deduction from the purchase money : Stoddart v. Smith, 5 Binney, 355 ; Gans v. Renshaw, 2 Pa. 34. The fact that the defendant did not acquire anything of value which under the terms of the contract he was entitled to have would, if established by the evidence, constitute an equitable defense, arising out of the same contract and transaction upon which the plaintiff's action was founded. Such a defense, if sustained

by proof, affects the consideration; and if the consideration fail, in whole or in part, the plaintiff's right to recover must also fail pro tanto: Patterson v. Hulings, 10 Pa. 506; Blessing v. Miller, 102 Pa. 45; Wilson's Appeal, 109 Pa. 606; Walker v. France, 112 Pa. 203; Blygh v. Samson, 137 Pa. 368. This defendant did not even attempt to show that there was any coal in this land, nor what the value of such coal would have been if it had been there. In the absence of evidence upon those points, the jury could not have been permitted to assume that there had been a failure of consideration and then guess at the amount of damages to which the defendant was entitled.

The judgment is reversed, and the record is remitted to the court below with direction to enter judgment for the plaintiff on the verdict.