419 A.2d 759

**John CORCORAN and Francis Barr**

v.

**Louis FIORENTINO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed May 2, 1980.

Curtis P. Cheyney, III, Philadelphia, for appellant.

Danial Diadul, Philadelphia, for appellees.

Before CERCONE, President Judge and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant (defendant) contends that the lower court erred in reinstating this case after it had been dismissed pursuant to a local rule of court.[1]  We agree and, accordingly, reverse

---

1.  Defendant also contends that the lower court erred in denying his motion to dismiss the action.  Because of our disposition of this case, we do not decide this issue.

the order of the court below and reinstate the order dismissing the case.

On March 24, 1969, appellees (plaintiffs) filed a complaint to recover damages for injuries allegedly sustained in an automobile accident. Following the denial of his preliminary objections, defendant initiated discovery in April of 1969. No proceedings were docketed in the Prothonotary's Office between October 7, 1971, and March 31, 1974. On March 31, 1974, following published notice in *The Legal Intelligencer*, the action was dismissed with prejudice for failure to prosecute.[2] The Prothonotary did not give written

2. The record before us does not clearly indicate whether the action was dismissed pursuant to Rule *1047A of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County or Rule *350 of those rules. Both rules were adopted pursuant to Rule 1901 of our Supreme Court Rules of Judicial Administration, which directs each court of common pleas to adopt a local rule of court establishing a procedure for dismissing (on the court's own motion) actions which have been inactive for an unreasonable period of time. Rule *350, which replaced Rule *1047A, provides:

(1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two successive years, the action shall be dismissed with prejudice, for failure to prosecute, under the provisions of this rule, and the docket so marked, provided that no less than sixty days' notice be given by publication once in *The Legal Intelligencer*.

(2) Whenever in a civil action a Praecipe or an Order for trial or a Certificate of Readiness has been filed, but thereafter no further action or any disposition has been noted on the docket in the Prothonotary's Office for a period of three successive years, the action shall be dismissed, with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked; provided that no less than six months' advance notice thereof be given by publication once in *The Legal Intelligencer*.

(3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal.

(Adopted February 15, 1973, effective immediately.) (Rule *350 was subsequently replaced by Rule 130.)

The only difference between Rule *350 and Rule *1047A as applied to this case is that Rule *350 requires an application to be made within three months of the date of dismissal, whereas Rule *1047A places no time limitation on such application. The lower court's docket reveals that the case was dismissed pursuant to Rule *1047A. However, because Rule *350 was in effect at the time of dismissal

notice of the dismissal pursuant to Pa.R.Civ.P. 236(a).[3] On September 8, 1977, plaintiffs filed an application to reinstate the action. On September 28, 1977, the lower court vacated the order which had dismissed the action and granted leave to defendant to file a motion to dismiss within thirty days. Defendant timely filed such a motion, and, on October 20, 1978, the lower court entered an order reaffirming that portion of the September 28, 1977, order reinstating the action and denying the motion to dismiss. The lower court subsequently amended that order to enable defendant to appeal to this Court.[4] This appeal followed.

Rule *350 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County (Philadelphia Rule *350) permits the reinstatement of an action within three months of the date of dismissal "for good cause shown."[5] In the instant case, the lower court did not determine whether plaintiffs complied with Philadelphia Rule *350 in seeking reinstatement because it concluded that Philadelphia Rule *350 is null and void. The court reasoned that the local rule conflicts with Pa.R.Civ.P. 236, which requires the Prothonotary to give the parties notice of the entry of any order in an action, in that the local rule did not require the Prothonotary to notify a litigant of the dismissal of its

and the lower court in its opinion and the parties on this appeal treat Rule *350 as the applicable rule, we shall so treat it. In any event, the difference between the rules does not affect our disposition of this case.

3. At the time the action was dismissed, Rule 236 provided in part:
    (a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:

    .    .    .    .    .

    (2) .  .  . to each party who has appeared in the action or to his attorney of record.
    (b) The prothonotary shall note in the docket the giving of the notice.

4. The lower court's amended order contains the certification required by section 702(b) of the Judicial Code, 42 Pa.C.S.A. § 702(b) (interlocutory appeals by permission). See also Pa.R.App.P. 1311(a). Our Court subsequently granted defendant's petition for permission to appeal.

5. See note 2 supra.

action.[6] While we agree with the lower court that Rule 236 was not complied with in this case, we conclude that Philadelphia Rule *350 and Rule 236 do not conflict. Philadelphia Rule *350 establishes a procedure for disposing of inactive cases; it makes no mention of the procedure *after* a case has been dismissed. Rule 236, on the other hand, applies only after an order has been entered. Because Philadelphia Rule *350 and Rule 236 apply at two different stages of the proceedings, we perceive no conflict between the two rules. We must now determine the consequences of the failure to comply with Rule 236 in this case.

■ As stated previously, Philadelphia Rule *350 requires an application for reinstatement to be filed within three months of dismissal. Where notice that the case has been dismissed has not been given pursuant to Rule 236, however, the party seeking reinstatement may not learn of the dismissal until after the expiration of the three month period. We therefore conclude that the failure to give Rule 236 notice to plaintiffs in this case excuses their failure to file their application to reinstate within three months of dismissal. *Cf. Rush v. Rush*, 268 Pa.Super. 82, 407 A.2d 447 (1979) (failure to file timely exceptions to lower court's decree nisi excused because Rule 236 notice had not been given).[7]

■ Our inquiry now focuses upon whether "good cause" was shown for reinstating the action pursuant to Philadelphia Rule *350. The requirements for a showing of "good cause" are identical to those for the opening of a judgment of non pros: " '(1) the petition must be timely filed; (2) the reason for the default reasonably explained; and, (3) the facts constituting grounds for the cause of action be alleged.' " *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa.Super. 378, 382, 378 A.2d

**6.** As previously noted, in this case the Prothonotary did not give plaintiffs Rule 236 notice of the order dismissing their action. The lower court stated in its opinion that until October of 1978, the Prothonotary ordinarily did not give Rule 236 notice after a case had been dismissed pursuant to Philadelphia Rule *350.

**7.** *See* note 8 *infra.*

986, 988 (1977) (quoting *Boyles v. Sullivan*, 230 Pa.Super. 453, 455, 326 A.2d 440, 442 (1974)). *See generally Thompson v. Hahn Motors, Inc.*, 269 Pa.Super. 271, 409 A.2d 884 (1979).

■ In their application for reinstatement, plaintiffs offered the following reason to explain the lack of activity in the action before its dismissal: "The Plaintiffs' counsel . . . was involved in extensive litigation involving Yellow Cab Companies for a period of several years preceding the dismissal of this case and due to personal reasons involving his relationship with his former associates, the case was not properly processed by his associates unbeknownst to him."

Our Court has held that "[i]f counsel's mistake, oversight, or neglect is to be a reason to vacate a non pros, that mistake, oversight or neglect must be *reasonably* explained." *Dupree v. Lee*, 241 Pa.Super. 259, 266, 361 A.2d 331, 335 (1976) (emphasis in original). We conclude that plaintiffs have not reasonably explained the lack of activity in the case between October 7, 1971, and March 31, 1974. While plaintiffs' counsel's explanation might be sufficient to justify a short delay, it is insufficient to justify his failure to proceed with the case for a period of almost thirty months. The purpose of local rules of court such as Philadelphia Rule *350 is to protect our trial courts from being burdened by stale claims. *International Telephone and Telegraph Corp. v. Philadelphia Electric Co., supra*, 250 Pa.Super. at 384, 378 A.2d at 989. This purpose would be undermined if plaintiffs' counsel's explanation of the delay could be deemed reasonable. Consequently, because plaintiffs have failed to reasonably explain the default which occasioned the dismissal of their action, the lower court erred in reinstating this action.[8]

8. Our holding that the Prothonotary's failure to give the plaintiffs Rule 236 notice excused their failure to comply with the three months requirement of Philadelphia Rule *350 does not imply that all periods of delay after dismissal are excused. As stated previously, one requirement for showing good cause to reinstate an action pursuant to Philadelphia Rule *350 is that the application be timely filed. Whether this requirement was met in this case depends upon when plaintiffs should have known of the dismissal of the action.

Order reversed and dismissal entered by the Prothonotary reinstated.

Because we conclude that plaintiffs did not meet the second part of the "good cause" test, however, we need not decide whether their application was timely filed.