421 A.2d 810

**Fate FAULKS and Tonyelayo Faulks**

**v.**

**PAPO BAR, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Aug. 22, 1980.

Richard S. March, Philadelphia, for appellant.

Milton S. Lazaroff, Philadelphia, for appellees.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

PER CURIAM:

Presently before the court is appellant's, Papo Bar, Inc., appeal from the order of the lower court dated December 6, 1978 and docketed December 8, 1978, wherein the lower court vacated the prior order dismissing the instant case and reinstated same.

The procedural history may be briefly summarized as follows: Appellees' action was dismissed with prejudice by the prothonotary on September 23, 1977 pursuant to Star Rule 350 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County (now designated Philadelphia Rule 130), which provides:

Rule 130. Disposition of Inactive Cases

(1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two (2) successive years, the action shall be dismissed with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in The Legal Intelligencer.

(2) Whenever in any civil action a Praecipe or an Order for trial or a Certificate of Readiness has been filed, but thereafter no further action or any disposition has been noted on the docket in the Prothonotary's Office for a period of three (3) successive years, the action shall be dismissed, with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked; provided that no less than six (6) months advance notice thereof be given by publication once in The Legal Intelligencer.

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

(3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal.

Star Rule \*350, adopted February 15, 1973; Star Rule # 1047A, adopted September 23, 1971, amended November 16, 1972.

In July of 1978, appellees' petition to reinstate the case was denied by the court. In November of 1978, appellees' petition for reconsideration was again denied but with leave to appellees to file an amended petition for reconsideration. Appellees filed an amended petition, the prayer of which was subsequently granted by order dated December 6, 1978 wherein the lower court vacated its prior order and reinstated the case. It is from this order that appellant has filed the instant appeal.

The lower court acknowledged our holding in *International Telephone and Telegraph Corporation . v. Philadelphia Electric Company,* 250 Pa.Super. 378, 382, 378 A.2d 986, 988 (1977) wherein we stated:

Reinstatement of a cause of action is authorized under Philadelphia Rule 1047A and its replacement rule 350(3) "for good cause shown". Repeated decisions of this Court and the Supreme Court of Pennsylvania have established that "good cause shown" requires satisfactory proof of three positions, stated in *Boyles v. Sullivan,* 230 Pa.Super. 453, 455, 326 A.2d 440, 442 (1974) to be as follows:

"The criteria for opening a judgment of non pros are: (1) the petition must be timely filed; (2) the reason for the default reasonably explained or excused; and, (3) the facts constituting grounds for the cause of action be alleged."

To the same effect: *Goldstein v. Graduate Hospital of University of Pennsylvania,* 441 Pa. 179, 272 A.2d 472 (1971); *Thorn v. Clearfield Borough,* 420 Pa. 584, 586, 218 A.2d 298, 299 (1966); *Dupree v. Lee,* 241 Pa.Super. 259, 262, 361 A.2d 331, 333 (1976); *Johnson v. Mulhall,* 230 Pa.Super. 183, 185, 326 A.2d 439, 440 (1974); *Matyas*

*v. Albert Einstein Medical Center,* 225 Pa.Super. 230, 233, 310 A.2d 301, 302 (1973).

but then ordered the case reinstated for the reason that no notice of the September 23, 1977 dismissal was given in accordance with Pa.R.C.P. 236. Rule 236 provides:

Rule 236.  Notice by Prothonotary of Entry of
Order, Decree or Judgment

(a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:

(1) When a judgment by confession is entered, to the defendant at the address stated in the certificate of residence filed with the prothonotary in support of the confession of judgment.  The Plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope;  and

(2) In all other cases, to each party who had appeared in the action or to the party's attorney of record.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

(c) Failure to give the notice or to mail the required document or both, shall not affect the lien of the judgment.

Adopted October 4, 1973, effective December 1, 1973; amended March 10, 1977, effective 30 days after March 26, 1977.

The lower court thus concluded that Star Rule 350's silence as to any notice requirement is in contravention to Pa.R.C.P. 236, and since the courts of common pleas may adopt local rules for the conduct of their business "which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania, Act of June 21, 1937, P.L. 1982, No. 392, § 2 as amended, 17 P.S. § 62",[1] Star Rule 350 as applied, is "null and void."

1.  *Coffey v. Faix,* 426 Pa. 421, 423, 233 A.2d 229 (1967).

After declaring Star Rule 350 as applied in Philadelphia before October 20, 1978 [2] to be null and void, the lower court concluded that it need not reach the question of whether the three (3) requirements, acknowledged to be the law by the lower court as clearly set forth in *ITT v. Phila. Electric Company* (infra), need be satisfied. The lower court thus vacated its earlier order and reinstated the case.

We are of the opinion that the lower court erred in concluding that it need not consider all three elemental criteria which constitute the three–pronged test above stated before reinstating the case. Surely a conflict in application between Star Rule 350 and Pa.R.C.P. 236 impacts only upon the first of the three, well–settled and defined criteria. Therefore, we believe that the lower court acted improvidently when it reinstated the case without a full inquiry into the second and third elements which constitute "good cause shown," *to–wit*, the reason for docket inactivity for two successive years and the meritoriousness of the underlying cause of action.

We are familiar with our court's holding in *John Corcoran and Francis Barr v. Louis Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980). We find no inconsistency between the instant case and *Fiorentino* (supra). We do feel, however, that the remaining factual elements which constitute "good cause shown" as above stated must be first resolved at the lower court level.

For the foregoing reasons, we remand for additional proceedings consistent herewith.

Order remanded.

**2.** On October 20, 1978, the Philadelphia County Common Pleas Court Administrator ordered that notice be given pursuant to Pa.R.C.P. 236 of any Star Rule 350 (now Philadelphia Rule 130) dismissals.