429 A.2d 660

**Christine STRINGER a/k/a Christine Cuddy**

**v.**

**Albert J. KAYTES and Stanford Keyne and Albert J. Kaytes and Company and Kaytes & Kelsey-Barber Corporation, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed May 8, 1981.

Richard S. March, Philadelphia, for appellants.

William L. Keller, Philadelphia, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

This is an appeal from the order of the court below vacating an earlier order which had dismissed plaintiff-appellee's action with prejudice for failure to prosecute, and reinstating the action. For the reasons which follow, we reverse and remand.

The pertinent events giving rise to this appeal may be summarized as follows. On February 2, 1973, plaintiff commenced an action in trespass by issuance of a summons. Plaintiff's complaint was subsequently filed on March 9, 1973. The last activity on the docket prior to dismissal of the action was on December 17, 1973, when plaintiff was ordered to appear for depositions. On September 23, 1977, plaintiff's action was dismissed with prejudice for failure to prosecute pursuant to Rule 350, now Rule 130, of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County (hereinafter "Philadelphia Rule 130"). On June 30, 1978, plaintiff filed a petition for reinstatement, which was denied by the lower court on July 28, 1978. On August 25, 1978, plaintiff filed a petition for reconsideration. The petition for reconsideration was denied on November 22,

1978, but plaintiff was granted leave to file an amended petition. On January 9, 1979, an amended petition for reconsideration was granted and plaintiff's case was reinstated. This appeal followed.

The sole issue presented by this case is whether Philadelphia Rule 130 is in conflict with Rule 236 of the Pennsylvania Rules of Civil Procedure. The court below held that although Philadelphia Rule 130 was not on its face in conflict with Pa.R.C.P. No. 236, the local rule as applied was in fact in conflict with the statewide procedural rule and, therefore, null and void. We disagree.

The local rule in question provides in pertinent part:

Rule 130. Disposition of Inactive Cases

(1) Whenever in any civil action a certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two (2) successive years, the action shall be dismissed with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in *The Legal Intelligencer.*

\* \* \* \* \* \*

(4) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal.

As previously noted, plaintiff's action was originally dismissed pursuant to the above local rule. Furthermore, plaintiff's petition to reinstate was initially denied on the basis that she failed to establish "good cause" under section (4) as that term has been construed in the case of *International Tel. & Tel. Corp. v. Philadelphia Elec. Co.*, 250 Super. 378, 378 A.2d 986 (1977). The eventual decision to grant plaintiff's amended petition for reconsideration and reinstate the action was predicated on the fact that the court did not originally take into account the effect of the prothonotary's failure to give plaintiff written notice of the dismissal

of the action in accordance with Pa.R.C.P. 236 which provides as follows:

    (a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:

        (1) When a judgment by confession is entered, to the defendant at the address stated in the certificate or residence filed by the plaintiff together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

        (2) In all other cases, to each party who has appeared in the action or to the party's attorney of record.

    (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

    (c) Failure to give the notice or to mail the required documents, or both, shall not effect the lien of the judgment.

The lower court held that since Philadelphia Rule 130 did not specifically provide that the prothonotary notify a litigant of dismissal of a claim in conformity with Pa.R.C.P. 236, the local rule was in conflict with the statewide rule and, therefore, null and void. Upon concluding that Philadelphia Rule 130 was null and void, the lower court deemed it unnecessary to reach the question of whether plaintiff had established good cause for having the action reinstated. We are of the opinion, however, that the local rule's silence as to any notice requirement does not place it in conflict with Pa.R.C.P. 236. In addition, it is also our opinion that the prothonotary's failure to give notice of dismissal of an action under the local rule does not automatically necessitate reinstatement of the action.

■ At the outset, it must be emphasized that Philadelphia Rule 130 does not state that the prothonotary need not give notice of any dismissal entered pursuant to that rule. The local rule is simply silent on the question of notice by the Prothonotary after entry of dismissal. In our opinion this silence does not render the local rule in conflict with or inconsistent with the statewide rule that notice shall be given "of the entry of any order, decree or judgment." As we view it, the command of Pa.R.C.P. 236 that notice be given "of the entry of *any* order, decree or judgment," by its very terms applies to all rules of court be they statewide or local, and regardless of whether they specifically mention Rule 236 in their text. In other words, Pa.R.C.P. 236 is a rule of general application which is implicit in all other rules that authorize "the entry of any order, decree or judgment." To hold otherwise would be equivalent to stating that any local rule of court which authorizes "the entry of any order, decree or judgment" is rendered null and void if it does not specifically refer to the notice requirement of Pa.R.C.P. 236. In short, we believe that our construction of the local rule is a reasonable one and eliminates any question of conflict with the statewide rule of general application. See *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980) (Opinion per Hoffman, J.) and see *Coffey v. Faix*, 426 Pa. 421, 233 A.2d 229 (1967).

■ Turning next to the question of the effect of the prothonotary's failure to comply with Pa.R.C.P. 236 after a case has been dismissed under local rule, we hold that the prothonotary's omission does not require reinstatement of the dismissed action. Our conclusion in this regard is supported by section (c) of Rule 236 which states that failure to give the required notice "shall not effect the lien of the judgment." The commentary to Rule 236 explains that this provision is designed to avoid any question of interference with substantive rights. See Goodrich-Amram 2d § 236:1 at 393. While it is no doubt true that the primary purpose of section (c) is to protect a judgment creditor from suffering

as a result of the prothonotary's oversight, we think that by the same token the prothonotary's failure to supply notice of dismissal of an inactive case should not compel automatic reinstatement of the case. As appellants rhetorically ask, if the failure to furnish notice does not impair a judgment lien, how can it be held to affect a dismissal of an action for failure to prosecute? We conclude that the prothonotary's failure to furnish the required notice does not invalidate the dismissal of the action. However, failure to provide the notice does affect, in one important respect, the merits of a party's petition to *reinstate* the action; namely, the question of the promptness of the petition.

In *International Tel. & Tel. Corp. v. Philadelphia Elec. Co., supra*, we held that in order to establish good cause for reinstating an action which had been dismissed under the local Philadelphia rule, the plaintiff had to satisfy three requirements. One of those conditions is that the petition to reinstate be timely filed. Subsequent to our decision in the *International Telephone* case the local rule was amended to provide that the petition to reinstate had to be filed within three months of the date of dismissal. It would obviously be unfair to require a party to file a petition to reinstate within three months of the date of dismissal when the prothonotary has neglected to notify the party of the dismissal. It would likewise be illogical, in our opinion, to automatically reinstate the action without requiring a showing of good cause simply because Philadelphia Rule 130 did not specifically direct the prothonotary to give written notice of a dismissal under that rule.[1] In those

1. The unsoundness of the lower court's decision to grant automatic reinstatement is evidenced by the fact that even if plaintiff did receive notice from the prothonotary and promptly filed a petition to reinstate, she would still be obliged to satisfy the other two criteria enunciated in the *International Telephone* case in order to establish good cause.

In addition, we note that on October 20, 1978, the Honorable David N. Savitt, Court Administrator of the Philadelphia Common Pleas Court, directed the prothonotary to give the notice required by Pa.R.C.P. 236 whenever a case was dismissed under the local rule.

cases, such as the one *sub judice,* where the requisite notice has not been provided, we believe the most reasonable procedure is to decide the question of the promptness of the petition on the basis of the date when the plaintiff received actual notice, either from the prothonotary or otherwise, of the dismissal of the action.[2] If the court determines that under the circumstances the petition to reinstate has been timely filed, then it should proceed to determine whether the other two conditions necessary to demonstrate good cause have been shown. Instantly, as noted earlier, the lower court deemed it unnecessary to reach the question of whether the conditions set forth in the *International Telephone* case for establishing good cause had been satisfied. As stated above, we find this to be error.[3] It is our conclusion that the court below must decide whether plaintiff has satisfied those conditions, bearing in mind that the question of the timeliness of the petition to reinstate must be measured from the date plaintiff first actually learned that her action had been dismissed.

Accordingly, the order of the court below granting reinstatement is vacated and the case is remanded for proceedings consistent with this opinion.

**2.** See *Ruczynski v. Jersey Construction Corp.,* 457 Pa. 510, 326 A.2d 326 (1974).

**3.** In *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980), this same panel considered issues nearly identical to the instant case. We held there, as here, that there is no conflict between the Philadelphia rule and the mandate of Pa.R.Civ.P. 236. In *Corcoran,* however, we reversed the order reinstating the case and ourselves reinstated the dismissal because the plaintiffs-petitioners had failed to explain reasonably the default as required by *International Tel. & Tel. Corp. v. Philadelphia Elec., supra.* On the instant record we cannot dispose of this case the same way, hence the remand for the determination of the other two elements of "good cause."