## Chaplynsky v. Broad Street Hospital

D. Bruce Hanes, for plaintiff.
Joseph B. Erwin, for defendant Broad Street Hospital.
Walter R. Millbourne, for defendant Spitz.

GELFAND, J., November 19, 1981—The matter before this Court is the Petition of Marta J. Chaplynsky, M.D. (hereinafter called petitioner) seeking reinstatement of an action which was dismissed pursuant to Rule *350(1).[1]

---

1. Star Rule *350 (Disposition of Inactive Cases) Court of Common Pleas, Court Rules, now Rule 130: (1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the prothonotary's

Petitioner instituted the action involved here by a complaint in equity, and discovery took place between January 3, 1974, the date of filing of the complaint, and January 14, 1975, the last day of docketed activity.

On September 23, 1977, the prothonotary dismissed the complaint with prejudice for failure to prosecute pursuant to the provisions of Rule *350(1) inasmuch as no action was taken by petitioner for a period in excess of two years.

Pursuant to the provisions of said rule, the prothonotary published notice in *The Legal Intelligencer* of pending dismissals for cases bearing a common pleas court term in 1973; and said notice, which was published on four separate occasions between July 5 and July 26, 1977, stated that if no certificate of readiness had been filed or no proceedings had been docketed for a period of two successive years, the action would be dismissed with prejudice.

The instant petition, which was filed June 3, 1980, seeks reinstatement on the basis that two years of inaction had not expired as required by Rule *350[2] by alleging that the word "year" as used in the rule means calendar year with a starting date of January 1 and an ending date of December 31.

However, nowhere does petitioner cite any authority for same, nor can this court find any basis to

office for a period of two successive years, the action shall be dismissed with prejudice for failure to prosecute under the provisions of this rule, and the docket so marked, provided that no less than (60) days' notice be given any publication in *The Legal Intelligencer*.

2. Star Rule *350 (3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three months of the date of dismissal.

hold that the term "year" as used in the Rule is meant to be a calendar year.[3]

Petitioner further contends that the notice provisions should have included the case name or its court term and number when published in *The Legal Intelligencer*. However, Rule *350 makes no expression of how notice should be given except that "no less than (10) days' notice be given by publication once in *The Legal Intelligencer*. Further, on four occasions between July 5 and July 26, 1977, notice of the rule and the pending dismissal of inactive cases for the year 1973 were published ·in *The Legal Intelligencer* so that petitioner should have been aware of the consequences of failing to take action.[4]

Petitioner also contends that the prothonotary failed to notify him of the September 23, 1977 dismissal as required by Pa.R.C.P. 236; and, accordingly, his complaint should be reinstated.

However, although notice pursuant to Pa.R.C.P. 236 was not given, this failure does not suffice to grant petitioner the requested relief.[5]

---

3. Even if this court were to accept petitioner's interpretation as being correct, the date of dismissal would only have been extended to January 1978; and, since there was no activity between January 14, 1975 and June 3, 1980,.the dismissal would still be in accordance with the Rule's two year provision even as Petitioner would have us define it.

4. Rule 100 of the Philadelphia Court Rules, Common Pleas Court (A) *The Legal Intelligencer* shall be the official periodical for the publication of all notices.

5. In Corcoran v. Fiorentino, 277 Pa. Super. 256, 419 A.2d 759 (1980), our Superior Court held that failure to give Pa. R.C.P. 236 notice to a plaintiff only excused the time period for application to reinstate a claim.

Similarly, our Superior Court held in the case of Faulks v. Papo Bar, Inc., 280 Pa. Super..454, 421 A.2d 810 (1978), that the failure to give Pa. R.C.P. 236 notice does not alone suffice to reinstate the claim.

Although the instant petition was filed on June 3, 1980, which is approximately 33 months after the dismissal date, since there was no Pa.R.C.P. 236 notice and the record does not indicate exactly the date on which petitioner learned of the dismissal, we will view the petitioner as being timely filed and determine this matter on other grounds.

In connection with reinstatement of a case after dismissal pursuant to Local Rule *350, subsection (3) of said Rule provides that reinstatement of a dismissed case is authorized upon a showing of "good cause".

Further, good cause is defined by a three prong test: "(1) the petition must be timely filed, (2) the reason for the default reasonably explained, and (3) the facts constituting grounds for the cause of action be alleged." International Telephone and Telegraph Corp. v. Philadelphia Electric Co., 250 Pa. Super. 378, 382, 378 A.2d 986, 988 (1977), quoting Bayles v. Sullivan, 230 Pa. Super. 453, 455, 326 A.2d 440, 442 (1974).

Petitioner explains the delay in prosecuting the original action by alleging that it was mingled with a similar action, thus causing confusion as to when this case would proceed to trial. It is the view of this Court that this is not sufficient reason for the delay. See International Telephone and Telegraph Corp. v. Philadelphia Electric Co., supra; Dupree v. Lee, 241 Pa. Super. 259, 361 A.2d 331, 335 (1976).

In International Telephone and Telegraph Corp. v. Philadelphia Electric Company, supra, a like argument was proffered wherein counsel mentally consolidated similar cases and as a result thereof, allowed one of the cases to suffer dismissal pursuant to Rule *350. In that case, our Supreme Court held

that such an excuse was not acceptable as a reason for the delay caused thereby.[6]

Accordingly, this court finds that petitioner has failed to show such good cause as would compel reinstatement of the original action. A period of more than two and one-half years from the last docket entry had elapsed before this case was dismissed, and delays of such nature are the very reason for the institution of the rule involved here.

Consequently, for all the foregoing reasons, this court entered the order as indicated hereinafter.

## ORDER

And now, this September 24, 1980, upon consideration of the petition and supporting memorandum of plaintiff Marta J. Chaplynsky, M.D. to Vacate Rule *350 dismissal and the answer with new matter and supporting memorandum of defendant Eugene B. Spitz, M.D. in response thereto, it is hereby ordered and decreed that said petition is denied, and that the complaint of plaintiff Marta J. Chaplynsky, M.D. not be reinstated. See Faulks v. Papo Bar, Inc., 280 Pa. Super. 454, 421 A.2d 810 (1978).[7]

---

6. It should also be noted that the related suit petitioner speaks of in the instant matter was not even pending before the court of common pleas inasmuch as it was removed to the Federal Court for the Eastern District of Pennsylvania.

7. Petitioner also filed an amended petition which this court denied on October 24, 1980, since said petition failed to follow Pa. R.C.P. 1033.

In addition, petitioner filed a petition for reconsideration which was denied by this court on November 12, 1980 for the reasons stated in the foregoing opinion.