442 A.2d 796

Michael F. BEAUSANG, Jr.

v.

Joseph T. BERNOTAS and Barbara M. Bernotas, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed March 12, 1982.

Joseph T. Bernotas, appellant, in pro. per.

William J. Brennan, King of Prussia, submitted a brief on behalf of appellee.

Before WICKERSHAM, BECK and POPOVICH, JJ.

WICKERSHAM, Judge:

This is an appeal from an order dismissing a motion to open a default judgment. Appellee Beausang filed a complaint in trespass and assumpsit on October 17, 1979, alleging appellants, Joseph and Barbara Bernotas, had not paid him money owed under a lease of a vacation home. Appellee further alleged that the Bernotases had damaged his vacation home during their stay there. Appellants filed no answer or appearance. On November 15, 1979, appellee Beausang took a default judgment for $1,136.31. The lower

court denied the Bernotases' motion to open judgment and this appeal followed. We reverse.

In *Queen City Electricial Supply Co., Inc. v. Soltis Electric Co., Inc.*, 491 Pa. 354, 421 A.2d 174 (1980), Justice Kauffman said:

> . . . The issue here presented is whether a court should open a snap default judgment entered without notice. . . .
>
> In making the determination whether to open a default judgment, three factors usually are considered: (1) whether the default was excusable; (2) whether the party seeking to open the judgment has shown a meritorious defense, and (3) whether the petition to open has been promptly filed.
>
> . . . .
>
> The sole remaining issue, then, is whether the petition to open was promptly filed. This is always an equitable determination which must be made in light of what is reasonable under the circumstances. Indeed, it is well established that where equitable circumstances exist, a default judgment may be opened regardless of the time that may have elapsed between the entry of the judgment and filing of the petition to open. *See Baranofski v. Malone*, 371 Pa. 479, 482, 91 A.2d 908, 909 (1952).
>
> At the outset, we note that snap judgments taken without notice are strongly disfavored by the courts. As this court stated in *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144, [147] (1971):
>
> > The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not [a] procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.

*Id.*, 491 Pa. at 356–61, 421 A.2d at 177–78 (citations omitted).

The facts of this case may be summarized as follows. The Bernotases leased a vacation home from appellee Beausang

for the period July 5, 1979 through July 14, 1979 for the sum of $770.00. The Bernotases paid the amount due with a check which was refused for payment by the drawee bank. In their brief in support of their motion to open default judgment, the Bernotases allege that the vacation home was infested with lice. They argue:

> Defendants, Joseph T. Bernotas and his wife, Barbara M. Bernotas, rented from the plaintiff, Michael F. Beausang, a house in Avalon, N. J. in July 1979. Shortly after taking residence defendants' family became infested with lice which caused them physical and mental trauma and embarrassment. Defendants, upon ascertaining that the house was the cause of the infestation, immediately moved out of the house and stopped payment of their check that had been rendered to plaintiff's agent for the rental. The defendants had left the house in exactly the condition they found it; causing no damage, whatsoever.

> Thereafter, the plaintiff had a District Court Complaint served upon the defendants claiming rent due and damages in the amount of $1,250.00 plus [$]33.50 costs. Despite a request for a continuance because the husband-defendant had become too sick to attend the hearing (attested to by a physician) and the wife-defendant had to arrange for care of their six small children, a judgment in the amount of $1,283.50 was entered against the defendants without their presence at the hearing and opportunity to present their defense.

> Pursuant to J.P.R.C.P. 1002, 1004 and 1005, an appeal with Praecipe to enter Rule to file Complaint and Rule to file was timely filed on October 11, 1979. When defendants did not receive the Complaint within the required time, they assumed it was due to the often times delay of rural mail and also extended the courtesy of waiting in the event plaintiff's counsel had difficulty in meeting the time requirement but instead of receiving a Complaint defendants, on November 22, 1979, received notice that a default judgment had been entered against them on No-

vember 15, 1979. Defendants never received prior notice that a default judgment would be taken against them and certification of such notice was not included with Plaintiff's Praecipe for Default Judgment. Defendants then prepared a Motion with Rule to show cause why the default judgment should not be vacated, stricken and/or opened, and filed it, pro se, on December 3, 1979.

Defendants learned from plaintiff's reply that on October 17, 1979, plaintiff had filed a Complaint and had mailed defendants a copy by certified mail. Defendants did not receive the Complaint nor any notice of the certified mail. Exhibit 'A', in plaintiff's affidavit of service, shows an *unsigned* certified mail receipt and that the Complaint had been returned to plaintiff's counsel with the mailing envelope marked 'unclaimed.' The Complaint was not delivered to the defendants and for some unknown reason defendants did not receive any notice of the certified mailing and, therefore, had no knowledge that it was in the post office to be claimed. Plaintiff's counsel states in his affidavit of service that the Complaint was filed on October 17, 1979. That affidavit is sworn to on November 8, 1979, the 21st day after filing of the Complaint. All other mailings by plaintiff's counsel to defendants were by regular mail which defendants never failed to receive and respond. Despite that fact, plaintiff's counsel made no attempt to serve defendants by regular mail as permitted by J.P.R.C.P. 1005(C) but instead initiated filing of the default judgment on the 21st day after filing of the Complaint.

A Reply to Motion and New Matter was filed by the plaintiff and defendants filed a Reply and Supplemental Reply to the New Matter wherein defendants presented a meritorious defense. The defendants then filed a Brief to which the plaintiff responded with a Memorandum of Law. The Court, per Judge Pitt, denied defendants' Motion.

Due to serious illness of the husband-defendant which has caused him to lose his business and move to a much smaller home in Philadelphia, closer to required medical

treatment, all responsibility of this appeal has fallen on the wife-defendant. Because of this, continuance of this appeal was required for her to prepare this brief.

Appellants' Brief at 3–5.

The Bernotases assert that the question involved in the instant case is:

Has the court below abused its discretion by denying defendants' Motion to Vacate, Strike and/or Open a default judgment against defendants without prior notice for not answering a Complaint they had never received?

Appellants' Brief at 2.

We believe the court below erred in not considering the Bernotases' explanation for their failure to respond to the complaint and by failing to consider the meritorious defense they presented. Accordingly, the trial court's dismissal of the petition to open was a manifest abuse of discretion.

A petition to open judgment is a matter of judicial discretion. A trial court's refusal to open will not be reversed unless there has been a clear, manifest abuse of discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971).

In the instant case, the motion to open judgment was filed promptly. Neither the lower court nor appellee Beausang challenge promptness.

The lower court found that the appellants offered no explanation for their failure to claim the complaint. A reading of the Bernotases' motion to open judgment, however, reveals that they did aver:

5. As of this date, defendants have not been served a complaint by the plaintiff.

Reproduced Record at 15A.

Appellee Beausang offers two certified mail receipts in support of his claim, however, both were returned unclaimed. There is no evidence that the Bernotases had any notice of the complaint.

In *Nardulli v. John Carlo, Inc.*, 274 Pa.Super. 34, 417 A.2d 1238 (1979), the mistaken belief by a defendant that he was

represented by counsel was found to be a sufficiently reasonable explanation to open a default judgment. A mix-up in the mailroom of a defendant corporation that resulted in the complaint being directed to the wrong office was accepted as a satisfactory explanation in *Brooks v. Surman Dental Lab., Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979). The Bernotases' explanation that they did not receive the complaint is *at least* as satisfactory an explanation.

The lower court found that appellants did not present a meritorious defense. While the Bernotases' motion to open default judgment does not allege a meritorious defense, appellee Beausang, in his brief to this court, mentions that the Bernotases stated the particular condition of the leased property in their brief to the lower court. A court may consider supplemental memorandae in deciding whether a petitioner in an action to open a default judgment has presented a meritorious defense. *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979); *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974).

The Bernotases' defense is meritorious in that the infestation of a vacation property by lice would violate the implied warranty of habitability in a residential lease. For any time period during which residential leased premises are found to be in an uninhabitable state, tenants may recover the difference between the amount of rent they paid and the reasonable rental value of the premises. While a landlord is not required to supply a perfect dwelling, the premises he supplies must be safe and sanitary. *Pugh v. Holmes*, 486 Pa. 272, 405 A.2d 897 (1979).

Appellee Beausang failed to give any notice to appellants of his intention to take a default judgment. In *Silverman v. Polis, supra*, the court wrote:

> One very frequent element of the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment.

342

. . . .

[A]ttempts to utilize every niggling procedural point for maximum advantage demeans the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision.

*Id.*, 230 Pa.Super. at 370–71, 326 A.2d at 454–55 (citations and footnote omitted).

Pa.R.C.P. No. 237.1, effective February 1, 1980, requires prior notice of intent to enter a default judgment. The Rule, although not directly applicable to this case because of its effective date, points out the disfavor with which courts look upon default judgments taken without notice. *See Quaker Transit Company, Inc. v. Jack W. Blumenfeld & Co.*, 277 Pa.Super. 393, 419 A.2d 1202 (1980).

Appellee Beausang took judgment within thirty-five days of filing his complaint. He offered no notice to the Bernotases of his intention to take judgment. These factors further substantiate our decision to reverse.

Order reversed and judgment opened.

POPOVICH, J., concurs in the result.