464 A.2d 510

James WURSTER, Paul Wurster and Nelson Hare, Edwin A. Wurster and Gertrude Wurster

v.

Earl PETERS and City of Philadelphia defendants and Edwin Wurster, Phillip Miller and Conduit and Foundation Company.

Appeal of CITY OF PHILADELPHIA.

Superior Court of Pennsylvania.

Argued Feb. 8, 1983.

Filed Aug. 19, 1983.

Thomas A. Sprague, City Solicitor, Philadelphia, for appellant.

Joseph Strimber, Philadelphia, for appellees.

Before BROSKY, CIRILLO and MONTEMURO, JJ.

BROSKY, Judge:

The issue before us in this appeal is whether the lower court erred in vacating a judgment of non pros which had

been entered in appellant's favor. Because we find that the judgment should not have been removed, we reverse.

Appellees commenced this action by writ of summons on March 19, 1965. They seek damages for personal injuries allegedly suffered in an automobile accident which occurred on January 26, 1964.

A complaint was filed on February 15, 1966. Various pleadings as well as interrogatories were filed between that date and February 4, 1972 when previous counsel withdrew his appearance and new counsel, Joseph Bongiovanni, III, entered his appearance.

On January 20, 1969, appellant, City of Philadelphia, had filed answers to requests for admissions made by an additional defendant. From that date until November 9, 1979, when the action was dismissed, the only apparent activity was the 1972 change of counsel. Nothing else was filed with the Prothonotary.

In August, 1980, appellees' counsel attempted to file a Certificate of Readiness and discovered that the case had been dismissed in November, 1979, pursuant to Philadelphia Rule 350(1).[1]

On March 12, 1981, new counsel, who entered his appearance for the limited purpose of filing a petition to remove the judgment of non pros, filed such a petition. An amended petition was granted and this appeal followed.

■ The criteria which must be met if judgment of non pros is to be removed were explained in *Faulks v. Papo*

---

1. The rule provides in relevant part:

   (1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two successive years, the action shall be dismissed with prejudice, for failure to prosecute, under the provisions of this rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in the Legal Intelligencer.

   . . . . .

   (3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal. (Adopted February 15, 1973, effective immediately.)

*Bar., Inc.,* 280 Pa.Super. 454, 456, 421 A.2d 810, 811 (1980), as follows:

Reinstatement of a cause of action is authorized under Philadelphia Rule 1047A and its replacement rule 350(3) "for good cause shown". Repeated decisions of this Court and the Supreme Court of Pennsylvania have established that "good cause shown" requires satisfactory proof of three positions, stated in *Boyles v. Sullivan,* 230 Pa.Super. 453, 455, 326 A.2d 440, 442 (1974) to be as follows:

"The criteria for opening a judgment of non pros are: (1) the petition must be timely filed; (2) the reason for the default reasonably explained or excused; and, (3) the facts constituting grounds for the cause of action be alleged." (Citations omitted.)

The lower court found that the petition had been timely filed because neither appellees nor any of their attorneys had received notice of the dismissal. Pa.R.C.P. 236 requires that notice of entry of judgment be sent by regular mail to each party or the party's attorney of record. Although the docket entries indicate that notice pursuant to Pa.R.C.P. 236 had been sent, the lower court found that notice had not been received based on affidavits from the attorneys.

There is apparently a question as to who was counsel of record in 1979. Mr. Bongiovanni says that he had withdrawn his appearance in 1974 at which time Louis Katz entered his appearance. The docket does not, however, reflect this change. The lower court seems to have concluded that the changes of attorney complicated receipt of notice in this case and therefore justified the filing of the petition to remove the judgment 16 months after it was entered, rather than within the 3 months prescribed by Rule 350(3).

In *Stringer v. Kaytes,* 286 Pa.Super. 551, 557, 558, 429 A.2d 660, 663 (1981), we held, "In those cases . . . where the requisite notice has not been provided, we believe the most reasonable procedure is to decide the question of the promptness of the petition on the basis of the date when the

plaintiff received actual notice, either from the prothonotary or otherwise of the dismissal of the action." See also, *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980). Therefore, if we assume that inadequate notice was given, we might find the petition timely filed. In fact, though, we need not reach a determination as to notice, because we have concluded that even if notice was not properly given, the removal was nevertheless improper.

■ In *Corcoran v. Fiorentino*, supra, we held that although timely filed, a petition to remove judgment should be denied because "good cause" had not been shown for its removal. Specifically, we found that the plaintiffs had not reasonably explained the lack of activity in the case from the date of the last docket entry to the date of dismissal, a period of approximately 2½ years.

■ In this case *no* explanation has been offered for the ten-year gap in non-activity prior to dismissal. As we explained in *Corcoran*, 277 Pa.Superior Ct. at 261, 419 A.2d at 762,

> The purpose of local rules of court such as Philadelphia Rule 350 is to protect our trial courts from being burdened by stale claims. *International Telephone and Telegraph Corp. v. Philadelphia Electric Co., supra* [25 Pa.Super. 378] at 384, 378 A.2d [986] at 989. This purpose would be undermined if plaintiffs' counsel's explanation of the delay could be deemed reasonable. Consequently, because plaintiffs have failed to reasonably explain the default which occasioned the dismissal of their action, the lower court erred in reinstating this action. (Footnote deleted.)

Similarly, we conclude that the lack of explanation for the default in this case calls for reversal of the lower court's order. See also *Faulks v. Papo Ber, Inc., supra; Stawiarski v. Hall*, 300 Pa.Super. 67, 445 A.2d 1302 (1982).

Order reversed and dismissal entered by the Prothonotary reinstated.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. While the majority correctly points out that this case calls for the application of the three-pronged test in *Faulks v. Papo Bar, Inc.*, 280 Pa.Super. 454, 421 A.2d 810 (1980), the majority fails to state the proper standard of review we are to apply in reviewing the lower court's determination. A petition to vacate a judgment of non pros is addressed to the sound discretion of the trial judge, and the decision of the trial judge will not be disturbed absent a showing that there was an error of law affecting the decision, or that there was a clear, manifest abuse of discretion. See, *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *Beausang v. Bernotas*, 296 Pa.Super. 335, 442 A.2d 796 (1982). Contrary to the view stated in the majority decision, the lower court, which is best situated to deal with matters relating to its own docket, did offer a reasonable explanation for the tardily-filed petition to vacate the judgment, and for the apparent lack of activity in the case from the date of the last docket entry to the dismissal of the case. I cannot say that the lower court order vacating the judgment of non pros based on these reasons is an error of law or an abuse of discretion.

The first prong of the *Faulks v. Papo Bar, Inc.* test requires that the petition for opening a judgment of non pros be timely filed. The majority points out that Philadelphia Rule 130 (also known as Philadelphia Star Rule 350) provides for a three month period for filing a petition to reinstate a case dismissed under the rule. The majority also recognized the limitation we imposed on the application of this rule in *Stringer v. Kaytes*, 286 Pa.Super. 551, 557, 429 A.2d 660, 663 (1981) where we wrote:

It would obviously be unfair to require a party to file a petition to reinstate within three months of the date of dismissal when the prothonotary has neglected to notify the party of the dismissal.

The proper notification here, under the generally applicable Pa.R.C.P. 236(a)(2), requires written notice by ordinary mail

of the entry of the judgment "to each party who has appeared in the action or to the party's attorney of record".[1] The lower court found, based on the affidavits of the parties, that neither the former attorney, Mr. Bongiovanni, whose name still appeared on the docket as attorney but who had since withdrawn from the case, nor the then current attorney, Mr. Katz, had received the requisite notice in the mail. I find no reason to question this finding.

Since the notification was inadequate, *Stringer v. Kaytes, supra,* requires that a determination of timeliness be based on the date when the plaintiff or his attorney received actual notice of the dismissal of the action. The court below did just that, and found that the six and one-half month delay in filing the petition from the date of actual notice was reasonably explained by the need of counsel to investigate the activities of the three other attorneys in three different firms. The lower court wrote:

> In light of the ground work that had to be completed by Mr. Daniels prior to the filing of the petition, the six and one-half month delay cannot be classified as untimely. Rather, the time delay was timely, and reasonably explained.

Thus, the lower court found the "timely filed petition" prong to be satisfied. Given the facts presented in this case, I do not believe that this finding can be classified as an error of law or an abuse of discretion.

The second prong of the *Faulks v. Papo Bar, Inc., supra,* test requires that the plaintiff reasonably explain the lack of activity in the case from the date of the last docket entry to the date of dismissal. The majority contends that no explanation has been offered for the ten-year gap here. I, however, do not find this view of the record to be correct.

---

**1.** On October 20, 1978, the Honorable David N. Savitt, Court Administrator of the Philadelphia County Court of Common Pleas, directed the prothonotary to give notice required by Pa.R.C.P. 236 whenever a case was dismissed under the local rule.

The lower court found a reasonable explanation for the lack of activity based on the fact that neither the attorney who appeared on the docket not the attorney who actually represented the plaintiffs were advised that the matter was subject to dismissal if no action was taken. The lower court wrote:

> Clearly, had counsel been so advised they would have had an opportunity to take measures to prevent the dismissal, as was done after same was ascertained.

While this Court in *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980), held that the lack of notice alone is insufficient to require reinstatement, the facts of this case reveal additional considerations that support the lower court's decision. The plaintiffs have changed attorneys on four occasions between 1972 and 1980, and each change required a period of time for the new attorney to plan and plot trial strategy. In addition, the circumstances surrounding the discovery of the dismissal by Mr. Katz reveal that he was attempting to file a Certificate of Readiness under Philadelphia Rule 151,[2] which required that the Certificate be filed by May 1, 1981 under penalty of dismissal. This filing, attempted to be taken without knowledge of the earlier judgment of non pros, supports the conclusion of the lower court that the attorney would not have allowed the case to go into default had he known that dismissal was possible, knowledge that he lacked because of the inadequacy of the notice. Based on these facts, I would find, as the lower court did, that the second prong of the *Faulks v. Papo Bar, Inc., supra,* test is satisfied.

The third requirement, that facts constituting grounds for a cause of action be alleged, is easily satisfied in this situation, since the complaint states a prima facie case if the facts, as alleged, are taken as true. *International Telephone & Telegraph v. Philadelphia Electric Company,* 250 Pa.Super. 378, 378 A.2d 986 (1977). Any arguments

2. This rule was passed on July 1, 1980, and became effective on September 12, 1980.

going to the merits of the cause of action need not be considered at this point.

Since I find that the lower court did not abuse its discretion in its application of the *Faulks v. Papo Bar, Inc.,* *supra,* criteria to the facts presented, I would affirm the judgment of the lower court and vacate the judgment of non pros.