419 A.2d 1295

**WILLIAM H. O'BRIEN & SON, INC., a Pennsylvania Corporation**

v.

**VIRGINIA MANSIONS APARTMENTS, INC., a Pennsylvania Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed May 2, 1980.

Robert O. Lampl, Pittsburgh, for appellant.

Mary A. R. Durkin, Monroeville, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant challenges the denial of its petition for non pros of appellee's action in assumpsit. Because the present appeal is from a nonappealable interlocutory order, we quash it and therefore do not reach the merits.

Appellee, William H. O'Brien & Son, Inc. (O'Brien), instituted this action by filing a complaint in assumpsit on April 22, 1974. After receiving an extension of time to respond, appellant, Virginia Mansions Apartments, Inc. (Virginia Mansions), filed an answer, new matter, and counterclaim on June 17, 1974, which O'Brien answered on July 2, 1974. Neither party took any further action of record in the case until July 5, 1978, when Virginia Mansions petitioned the lower court to non pros O'Brien's complaint. O'Brien opposed Virginia Mansions' petition, and, after a hearing on the matter, the lower court entered an order denying the petition for non pros on August 8, 1978. Virginia Mansions filed timely exceptions to the order, which the court en banc dismissed in an order entered on December 20, 1978. From the latter order Virginia Mansions has taken this appeal.

Although O'Brien has not raised the issue, we must consider the appealability of the order of the court en banc dismissing Virginia Mansions' exceptions to the denial of its petition for non pros. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977); *Malenfant v. Ruland*, 274 Pa.Super. 506, 418 A.2d 521 (1980).

It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute.[*] *Caplan v. Keystone Weaving Mill*, 431 Pa. 407, 246 A.2d 384 (1968); *Stadler v. Mt. Oliver Borough*, [373 Pa. 316, 95 A.2d 776 (1953)]. . . In ascertaining what is a "final order," we have looked beyond the technical effect of the adjudication to its practical ramifications. *Bell v. [Beneficial] Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975). We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence Savings and Loan Association*, 456

---

* Virginia Mansions cites 12 P.S. § 1100 as the basis for our jurisdiction over this case. That statute authorizes appeals from adverse orders "[i]n all cases of application for the opening, vacating and striking off of judgments of any kind," and, accordingly, does not apply here, where no such application has been made. No statute expressly permits the present appeal.

Pa. 402, 404, 319 A.2d 677, 678 (1974); *James Banda Inc. v. Virginia Manor Apartments, Inc.*, 451 Pa. 408, 409, 303 A.2d 925, 926 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant "out of court." *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968).

*T.C.R. Realty, Inc. v. Cox, supra,* 472 Pa. at 337, 372 A.2d at 724. *See also Adoption of G.M.*, 484 Pa. 24, 398 A.2d 642 (1979); *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

Application of these criteria of finality to the order here presented for review reveals its interlocutory nature. The denial of Virginia Mansions' petition for non pros neither ends the litigation nor disposes of the entire case; Virginia Mansions can hardly be said to be out of court. Furthermore, permitting the case to continue will in no way prejudice Virginia Mansions' right to seek sanctions against O'Brien for any possible further delay or to raise its present allegation of error on any appeal it should take from a final order in the case.

Appeal quashed.