450 A.2d 98

**Cornelia AUSTIN, Appellant**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed Sept. 3, 1982.

Robert A. Korn, Philadelphia, for appellant.

Stanley J. Sinowitz, Philadelphia, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, Civil Division and involves plaintiff-appellant's appeal from an order of the court below which denied his petition seeking to vacate a dismissal pursuant to Local Rule of Court 350.

The bus accident giving rise to this case occurred on May 10, 1972. On October 19, 1977 the plaintiff's trespass action was dismissed pursuant to Philadelphia Local Rule of Court 350. On March 3, 1978 plaintiff filed a petition seeking to reinstate the Complaint which was denied by the court below. A petition requesting reconsideration of the matter was filed. It too was denied. An appeal was then taken to this court.

Plaintiff had filed a Complaint in Trespass against the defendant on April 11, 1973. Discovery had proceeded until September of 1974. From that time until September of 1977 the action was inactive. Between July 5, 1977 and July 26, 1977 a copy of Rule 350 was published on four separate occasions in The Legal Intelligencer of Philadelphia County. The rule provided for the dismissal of actions where no activity had taken place for over two years. Since no action nor proceedings had been docketed on this case since 1974 the action was dismissed. The only notice given to the plaintiff's counsel prior to the dismissal of this action was the publication of Rule 350 in the Legal Intelligencer.

First appellant argues that the dismissal of the suit pursuant to Rule 350 was a nullity because that rule conflicts with *Pa.Rule of Civil Pro. 236.* In the instant case no personal notice was sent to plaintiff's attorney regarding this case. The only notice that was provided was the publication of Rule 350 in the Legal Intelligencer. Plaintiff argues that *Pa.Rule Civil Pro. 236* requires personal notice and that Rule 350 is invalid.

■ This issue was decided in *Corcoran v. Fiorentino,* 277 Pa.Superior Ct. 256, 419 A.2d 759 (1980) wherein Judge Hoffman, writing for the Court, held that Rule 350 does not conflict with *Pa.Rule Civil Pro. 236.* In *Corcoran* we excused the late filing of a Petition to Open Judgment by reason of the Prothonotary's failure to provide Rule 236 notices and then we examined the reasonableness of the explanation provided by the petition for the failure to act. In our case the court below also excused late filing because of lack of Rule 236 notice but it went on to examine the reasonableness of plaintiff's explanation for her failure to act. In order to open a judgment of non pros: (1) the petition to open must be timely filed; (2) the facts constituting grounds for a cause of action must be alleged; and (3) the reason for the default in proceeding must be reasonably explained. *International Telephone and Telegraph Corporation v. Philadelphia Electric Company,* 250 Pa.Superior Ct. 378, 378 A.2d 986 (1977).

59

■ Turning to the reasons for plaintiff's failure to act from 1974 to 1977 we find that plaintiff's excuse for her inactivity was that her counsel moved his office and failed to "follow up" on this case after having read the Rule 350 notice in the Legal Intelligencer. The court below held that: "Such excuse is neither reasonable nor acceptable". We agree. Even if we assume that plaintiff filed her petition in a timely fashion and established facts setting forth a cause of action we find that plaintiff's inaction for three (3) years was not "reasonably explained".

Order affirmed.