451 A.2d 757

**Marta J. CHAPLYNSKY, M.D., Appellant,**

**v.**

**BROAD STREET HOSPITAL and Eugene B. Spitz, M.D.**

Superior Court of Pennsylvania.

Argued April 22, 1982.

Filed Oct. 15, 1982.

Petition for Allowance of Appeal Denied Dec. 17, 1982.

David Bruce Hanes, Philadelphia, for appellant.

Joseph B. Erwin, Philadelphia, for Broad St. Hosp., appellee.

Daniel J. Zucker, Philadelphia, for Spitz, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

█ This is a consolidated appeal from orders of the Philadelphia Court of Common Pleas denying a petition and amended petition to vacate the dismissal of a suit pursuant to Star Rule 350 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia.[1] The pertinent facts are as follows:

Appellant Chaplynsky filed a complaint in equity on January 3, 1974, alleging, *inter alia,* that appellees Spitz and Broad Street Hospital had failed to pay fees owed her under an agreement whereby she had performed medical services, including 150 angiograms, at the hospital. Discovery was then conducted. A notice of deposition was filed on January 14, 1975; this was the last activity recorded on the docket in this case until October 4, 1977, when it was noted that the action had been dismissed on September 23, 1977, for failure to prosecute in accordance with Star Rule 350.

On July 3, 1980, Chaplynsky filed a petition to vacate the dismissal, which was denied by the lower court on September 24, 1980. Chaplynsky then filed an amended petition to vacate the dismissal, which was denied by the lower court on October 24, 1980. Chaplynsky also filed a motion for reconsideration of the order dismissing the original petition to vacate, which was denied on November 12, 1980. Appeals were taken from all three lower court orders and consolidated into this appeal.

Appellant Chaplynsky frames the first issue involved as follows:

Should Local Rule * 350 have been applied to the case? Brief for Appellant at 4.

Star Rule 350 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia (now re-numbered Rule 130) provides, in pertinent part, as follows:

1. An appeal may be taken from an order denying a petition to open a judgment of non pros. See *Kennedy v. Bulletin Co.,* 237 Pa.Super. 66, 346 A.2d 343 (1975).

(1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two (2) successive years, the action shall be dismissed with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in The Legal Intelligencer.

. . . .

(3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal.

■ Here, no certificate of readiness was filed nor were any proceedings docketed in the prothonotary's office for over two years after January 14, 1975, when notice of a deposition was given. Notices that cases filed in "the year C.P. 1973," in which there had been no activity on the docket for over two years, would be dismissed pursuant to Star Rule 350 were published in The Legal Intelligencer several times in July of 1977, over sixty days before the suit was dismissed.

It is clear that the present case fits within the criteria for dismissal established by Star Rule 350. Chaplynsky argues, however, that the lower court prothonotary exceeded his authority as a ministerial officer in applying Star Rule 350 to this case. This issue was not raised below, however, and we may not now consider it on appeal. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

■ Chaplynsky also argues that the phrase in Star Rule 350(1): "[where] no proceedings have been docketed . . . for a period of two (2) successive years," should be interpreted to mean that two years, each beginning January 1 and ending December 31, must pass without any docket activity in a case before it may be dismissed. Viewing Star Rule 350 in conformance with the plain meaning rule of construction (*see Commonwealth v. Mumma,* 489 Pa. 547, 414 A.2d 1026

(1980)), we reject Chaplynsky's argument and find that the two year period referred to in the rule is measured from the date proceedings were last docketed in the prothonotary's office. We note that even if Chaplynsky's argument was correct, there were no docket entries in this case during the calendar years 1978 and 1979.

Appellant Chaplynsky frames the second question involved as:

Did counsel for plaintiff establish 'good cause' for vacating the Philadelphia Local Rule * 350 dismissal?

Brief for Appellant at 4.

■ An action dismissed under Star Rule 350 may be reinstated for good cause shown. Good cause shown requires the satisfaction of three elements: (1) the petition must be timely filed; (2) the reason for the default reasonably explained or excused; and (3) the facts constituting grounds for the cause of action be alleged. *Faulks v. Papo Bar, Inc.,* 280 Pa.Super. 454, 421 A.2d 810 (1980).

Chaplynsky's counsel offers the following explanation as good cause to vacate the dismissal: "[T]his case was a matter handled in tandem with another matter. . . . It is this similarity between these two cases that appears to have been the cause of some confusion in the listing of this case as ready for trial." Brief for Appellant at 13.

■ In *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.,* 250 Pa.Super. 378, 378 A.2d 986 (1977), we rejected a similar excuse offered as good cause for vacating a nonsuit, specifically, that counsel was "involved in a companion case against appellant . . . and had mentally consolidated the cases. . . . " *Id.,* 250 Pa.Superior Ct. at 381, 378 A.2d at 988. The court ordered that the non pros entered by the prothonotary be reinstated. We similarly reject Chaplynsky's argument that the confusion of two similar cases being pursued by a single counsel gives rise to good cause for vacating the order dismissing the complaint in this case.

Orders affirmed.