483 A.2d 943

**JAY DEE CONTRACTORS, INC., and Fireman's Fund Insurance Companies**

v.

**NATIONAL MINE SERVICE CO., INC. successor in interest to Greensburg Manufacturing Company, A Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1984.

Filed Oct. 26, 1984.

Petition for Allowance of Appeal Granted July 15, 1985.

Robert L. Frantz, Pittsburgh, for appellant.

Bernard J. McAuley, Pittsburgh, for appellees.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant, National Mine Service Co., Inc., takes this appeal from the order of the court of common pleas dismissing appellant's petition, in which appellant asked that appellee-plaintiffs' complaint be stricken for failure to prosecute the case, pursuant to Allegheny County Rule of Civil Procedure, Rule 229(e). The hearing court denied appellant's petition, finding the local rule to be in conflict with Pa.R. J.A. 1901 and thus invalid. Because the present appeal is from a nonappealable, interlocutory order, it must be quashed and, therefore, we do not reach the merits.

It is a well established rule of law that an appeal will lie only from final orders, unless expressly permitted by statute. *William H. O'Brien & Son v. Virginia Mansions Apartments, Inc.,* 277 Pa.Super. 568, 419 A.2d 1295 (1980). In *Basalyga v. Hohensee,* 431 Pa. 191, 245 A.2d 255 (1968), the supreme court ruled that the denial of a motion to dismiss, made on the ground that plaintiff failed to prosecute his case with diligence, was an interlocutory order and not appealable. Similarly, in *William H. O'Brien & Son, Inc. v. Virginia Mansions Apartments, Inc., supra,* we quashed as interlocutory an appeal taken from an order of the trial court en banc dismissing defendant's exceptions to the denial of defendant's petition for non pros. Both of these cases are on point with the appeal now before us. Appellant's appeal, being from the denial of a motion to strike for failure to prosecute the case, is based upon an interlocutory order. As such, it must be quashed.

Were we to reach the merits, we would be hard pressed to conclude that a conflict exists between Allegheny County Rule of Civil Procedure, Rule 229(e) and Pa.R.J.A. 1901. *Cf. Stringer v. Kaytes,* 286 Pa.Super. 551, 555, 429 A.2d 660, 662 (1981) (local rule's silence as to any notice requirement does not place it in conflict with Pa.R.C.P. 236). *See also Austin v. SEPTA,* 304 Pa.Super. 56, 450 A.2d 98 (1982); *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980). It would also appear to us that the question of due process vis-a-vis dismissals for failure to prosecute was adequately addressed in *Link v. Wabash Railroad Company,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (district court may dismiss complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting). From the record before us, appellees' case was automatically terminated under Rule 229(e) before appellees filed their complaint. Nevertheless, while we sympathize with the desire of appellant to secure a declaratory judgment on the termination of this case, we do not find the order from which this appeal was taken to be a final one and therefore we are without jurisdiction to hear it. *See Toll v. Toll,* 293 Pa.Super. 549, 439 A.2d 712 (1981), *aff'd* 498 Pa. 536, 448 A.2d 1379 (1982).

Appeal quashed.