488 A.2d 59

**Joseph TAYLOR, Appellant,**

v.

**OXFORD LAND, INC., Appellee.**

Superior Court of Pennsylvania.

Argued July 10, 1984.

Filed Feb. 1, 1985.

Kenneth P. Simon, Pittsburgh, for appellant.

David I. Ainsman, Pittsburgh, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

The principal issue presented by this appeal is whether a local rule of court that provides for the automatic termination of cases in which there has been no activity of record for a period of two years or more, without notice of an opportunity for a pre-termination hearing, is inconsistent with Pennsylvania Rule of Judicial Administration 1901(c) so as to render the local rule ineffective and unenforceable. The trial court held that its local rule was not inconsistent with Rule 1901(c) and denied appellant's petition to "reactivate" his case. After consideration of the arguments presented, we hold that the local rule is inconsistent with Rule 1901(c) and reverse.

Appellant's cause of action is for an alleged breach of a contract wherein he sold certain real estate to the appellee. According to the complaint, appellant retained the ownership of certain pipe buried in the ground. The agreement provided that the appellant was to be given written notification prior to the removal of the pipe from the ground. Alleging that appellee failed to provide such notification, appellant instituted this action for his resulting damages.

The action was instituted by the filing of a complaint on November 19, 1968. The docket reflects that there was activity until March 31, 1969. No further action is reflected on the docket until September 2, 1980. However, according to the record before us, appellant, on June 22, 1970, filed a petition for arrangement under the National Bankruptcy Act. Although a trustee was appointed in the bankruptcy

proceedings, neither appellant nor his trustee undertook any activity in this case. Eventually the bankruptcy proceedings were terminated on December 13, 1978.

On September 2, 1980, the case was placed at issue by appellant. Jury selection was scheduled to commence on March 15, 1982. On February 19, 1982, appellant filed his pre-trial statement. However, on March 12, 1982, following oral argument by the parties, the trial court entered an order stating that the case was terminated by reason of Allegheny County Local Rule 229(e). Subsequently, on May 12, 1982, appellant filed a petition to reactivate the case. The trial court entered an order denying that petition and this appeal followed.

On appeal, appellant raises several issues. He questions whether his cause of action could have been terminated without notice to the bankruptcy court, whether the local rule providing for automatic termination without notice conflicts with Pennsylvania Rule of Judicial Administration 1901(c) and whether the local rule violates the due process clause of the United States Constitution. Since we have determined that the local rule conflicts with Rule 1901 promulgated by the Pennsylvania Supreme Court, it is not necessary to reach the other issues presented.

On June 26, 1974, the Allegheny County Court of Common Pleas promulgated Local Rule 229, to become effective on January 1, 1975. Rule 229 provides for the *automatic* termination "by operation of law" of any matter in which there has been no activity of record for two years or more. The rule contains a provision for reactivation of a case by the court for "good cause" shown. The first period of two years was to commence retroactively on January 1, 1973. In a note accompanying the rule, the court stated that the local rule was adopted pursuant to Rule 1901 of the Pennsylvania Rules of Judicial Administration.

Rule 1901(c) provides in relevant part,

(c) Minimum standards. Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least *30 days'*

*written notice* of opportunity for hearing on such *proposed termination, . . . .* (emphasis added)

Thus, appellant argues, the Allegheny County rule is inconsistent with the general rule promulgated by the Supreme Court because it does not contain a provision for "at least 30 days' written notice of opportunity for hearing on such proposed termination,".

Allegheny County's Rule 229 has been considered by our Court on three prior occasions. However, at no time was the precise issue presented here reached or decided. In *Jay Dee Contractors, Inc. v. National Mine Service Co.,* 335 Pa.Super. 39, 483 A.2d 943 (1984), our Court quashed as interlocutory an appeal taken by the defendant from an order of the trial court which denied defendant's petition to strike plaintiff's complaint pursuant to Allegheny County Rule 229(e). In that case, the trial court had held that its Local Rule 229(e) was in conflict with Pennsylvania Rule of Judicial Administration 1901 and was therefore invalid. In *Stawiarski v. Hall,* 300 Pa.Super. 67, 445 A.2d 1302 (1982), a panel of this Court reversed an order of the trial court which had reinstated the plaintiff's cause of action. This Court held that the trial court had abused its discretion in finding the existence of "good cause" to reinstate the plaintiff's action. The issue of the validity of the local rule was apparently not raised on appeal and was not discussed in this Court's opinion. In *Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Co.,* 298 Pa.Super. 454, 444 A.2d 1272 (1982), our Court held that a second action instituted by the plaintiff was barred by the dismissal under Local Rule 229 of plaintiff's first action based on the same cause of action. Interestingly, in that case, prior to termination of the first case the defendant had, apparently, filed a petition asking that the first action be dismissed. Thus, in spite of the language of the local rule, termination was not "automatic".

Our attention has been called to a number of cases dealing with Philadelphia County Local Rule 130, which similarly provides for termination of inactive cases. *See*

*Wurster v. Peters,* 318 Pa.Super. 46, 464 A.2d 510 (1983), *Chaplynsky v. Broad Street Hospital,* 305 Pa.Super. 497, 451 A.2d 757 (1982), *Austin v. Southeastern Pennsylvania Transportation Authority,* 304 Pa.Super. 56, 450 A.2d 98 (1982), *Stringer v. Kaytes,* 286 Pa.Super. 551, 429 A.2d 660 (1981), and *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980). However, the Philadelphia rule requires notice by publication in the *Legal Intelligencer* sixty days prior to termination for inactivity. Thus, none of the cases involving the Philadelphia rule reach the issue presented in this case.

■ In interpreting Pennsylvania Rule of Judicial Administration 1901, we look to the language used by the Supreme Court in promulgating the rule as well as the Court's intent and purpose in promulgating it. It is clear that the rule is intended to eliminate from the judicial system those stale claims which have apparently been abandoned or resolved by the parties without any entry on the court's docket. The rule constitutes an attempt to establish a system whereby the dockets of the Commonwealth's trial courts contain, with a reasonable degree of certainty, only those cases in which there is an ongoing dispute. It is important for the proper management of a court docket to eliminate periodically those cases which no longer require the court's time or attention. The Supreme Court has, by language which we find to be clear and unambiguous, provided for such an effective management tool.

Although the rule was not intended to achieve a substantive disposition of cases on their merits, the fact is that its application may have such a practical effect. *See, e.g., Stawiarski v. Hall, supra.* Because the application of the rule may have such an effect, we believe the Supreme Court intended clearly, unambiguously and unmistakeably, that the trial court provide pre-termination notice to the parties before it clears its docket of such cases. Rule 1901(c) starts with a provision that before "any order terminating a matter on the ground of unreasonable activity is entered, the parties shall be given notice of the proposed termi-

nation." The Court's use of the terms "shall" and "proposed" makes such notice a prerequisite to the "termination" of stale cases. It is difficult to imagine any clearer command than that used by the Supreme Court.

■ Appellee, however, relies on a statement contained in the Comment to Rule 1901:

> Under Rule 1901(c)(2), in those cases where it is unduly burdensome to research the captions, parties and mailing addresses of cases which have been inactive for two years or more, the moribund matters may be terminated by the adoption and publication of a general refiling requirement, without service of individual notice. Under such a local rule, matters in which no paper has been filed within the previous two years would be terminated without any further entry in the docket, . . . .

Appellee argues that this statement contained in the Comment authorizes the adoption of a local rule which eliminates entirely the pre-termination notice required in the Rule itself. Even if we were to conclude that the Comment has the meaning ascribed to it by appellee, we could not ignore the plain and clear language of the Rule. While comments may be a useful aid in interpreting the purpose or meaning of a rule of procedure, they cannot change the plain meaning of the rule. Thus, if there is a conflict between the rule and a statement contained in the comment, the rule must govern.

In any event, we do not construe the comment to have the meaning ascribed to it by appellee. Rule 1901(c) provides two methods of giving the prescribed pre-termination notice. Notice must be given in person or by mail, or by publication "in the manner provided by rule of court . . . ." The statement contained in the Comment clearly refers to the second method of providing notice, that is, by publication. As we understand it, the 30 days prior notice may be given periodically, by the trial court's entry of an order or adoption of a general rule providing for the publication of a list of cases by name and docket number in which there has been no activity for a period in excess of two years. After

such publication, those cases listed in the notice will then be considered terminated if no action is taken within the 30 days provided. Such an interpretation thus gives meaning to both the rule and the comment. A contrary interpretation, as urged on us by appellee, however, would effectively rewrite the rule and eliminate the requirement for pre-termination notice. Such an interpretation would render subsection (c) utterly meaningless and without effect. We do not believe that the Supreme Court, in adopting Rule 1901(c), intended to perform a useless act.

Therefore, since we have concluded that the clear language of Rule 1901 requires pre-termination notice and because the Allegheny Court of Common Pleas' local rule fails to provide for such notice, it is ineffective and unenforceable. Therefore, appellant's case was not "automatically" terminated and the order is reversed.

ROBERTS, J., did not participate in the consideration or decision of this case.