## Party House, Inc. v. Yahr

*William A. Penrod,* for plaintiffs.
*Jerome M. Libenson,* for defendants.

FINKELHOR, *J.,* August 1, 1985—The above matter is before the court on a motion to discontinue the suit in accordance with Allegheny County Local Rule 229(e), filed on behalf of defendants.

## BACKGROUND

This suit was begun in May, 1975, by the filing of a writ of summons in equity, real estate involved.

The writ was served on defendants on July 2, 1975. Defendants never ruled plaintiff to file a complaint, and plaintiff did not do so on its own initiative. As a result, the case has lain dormant for over 10 years.

On June 21, 1985, defendants filed the within motion to discontinue the action.

## DISCUSSION

In Jay Dee Contractors, Inc. v. National Mine Service Co., Inc., 131 P.L.J. 464 (1983), Judge Smith of this court concluded that Rule 229(e) of the Allegheny County Rules of Procedure was invalid as being in conflict with Pa. R.J.A. 1901, and that the rule also violated the due process clause of the U.S. and Pa. Constitution.

Pa. R.J.A. 1901(c) requires, as a minimum standard, that the parties be given at least 30 days notice of opportunity for hearing before any order terminating a matter for unreasonable inactivity may be entered. Local Rule 229(e) failed to provide such notice and opportunity for hearing, and thus failed to meet the minimum standards established by the Pennsylvania Supreme Court.

Recently, the Superior Court reached a similar conclusion regarding Rule 229(e). Taylor v. Oxford Land, Inc., 338 Pa. Super. 609, 488 A.2d 59 (1985).

As a result of these decisions, Rule 229(e) was revoked April 8, 1985, effective May 1, 1985. At present there exists no local rule of court by which actions may be discontinued for unreasonable inactivity. This would appear to place the court of common pleas in violation of Pa.R.J.A. 1901(b)(1) which directs the courts of common pleas to establish such local rules of court:

"Each Court of Common Pleas is primarily responsible for the implementation of the policy ex-

pressed in subdivision (a) of this rule and is directed to make Local Rules of Court for such purposes applicable to the Court . . ."

In the absence of a replacement for the rescinded local rule, the only procedure available to defendant would appear to be a motion for judgment of non-pros under Pa.R.C.P. 1037(a). This procedure, however, would afford plaintiff the opportunity to file a complaint and thus avoid the consequences of 10 years of sitting on their rights.

In the court's view, defendants should not be penalized by the absence of a procedure for dismissal of dormant cases, particularly where such a procedure is mandated by the Supreme Court. Under these circumstances, and until such time as an appropriate rule is adopted, it is the court's duty to fashion a remedy in accordance with the minimum standards set forth in Pa.R.J.A. 1901(c).

This result can best be achieved by treating defendant's petition as a rule to show cause why the action should not be discontinued, and allowing the matter to proceed in accordance with Pa.R.C.P. 209.

An appropriate order is attached hereto.

## ORDER OF COURT

And now, this August 2, 1985, a rule is issued upon plaintiff to show cause why the above-captioned matter should not be discontinued for unreasonable inactivity in accordance with Pa.R.J.A. 1901. Said rule is returnable sec reg sec leg, but in any event not less than 30 days from the date hereof.