## Mountz v. Morrissey

*Jack E. Feinberg,* for plaintiff.

*Joseph P. Hafer,* for defendant E. James Morrissey, Jr.

*David H. Roland,* for defendant Reading Hospital and Medical Center.

SMITH, *J.,* May 14, 1986—Before us now for disposition is plaintiff's petition contra-termination pursuant to Berks County Local Rule 570. A thumbnail historical sketch reveals the following procedural activity in this matter:

On March 15, 1982, plaintiff filed a complaint alleging medical malpractice on the part of both individual and institutional defendants. On April 5, 1982, institutional defendant filed its answer and

cross claim. Between April, 1982 and September, 1982 the parties engaged in or undertook discovery through depositions, interrogatories and production of documents. The last pertinent date of docketed activity is August 26, 1982. After that date the case record reveals no activity until the Berks County Prothonotary issued a notice of termination on September 5, 1985.

Plaintiff responded to the termination notice on October 28, 1985 by filing the instant petition in which she asserted that the case was "complex" and required "extensive discovery and consultations with various doctors" and finally that the case was now in a posture to be certified ready for trial. Shortly thereafter plaintiff provided to defendants an expert's report and curriculum vitae dated August 27, 1982 and January 12, 1984, respectively. These were documents requested by defendants in 1982.

Upon praecipe of plaintiff, this matter was set down for argument. Defendant Reading Hospital, which had filed an answer to plaintiff's petition against termination, filed a timely brief in accordance with our rules for argument court. Individual defendant filed no brief but incorporated the hospital's brief by reference in a document filed April 4, 1986. Plaintiff, however, failed to file any brief in accordance with our local rules.[1] Accordingly, the

---

1. Berks County Local Rule 72(a) requires that the party having the burden must file its brief simultaneously with its praecipe for argument. Plaintiff's praecipe sans brief was filed on November 19, 1985.

Plaintiff's attorney appeared in argument court on the morning of April 7, 1986 and indicated that he noticed the case listed on the Argument List. The case allegedly was to have been handled by another attorney who subsequently left the law firm. Plaintiff's brief was docketed in the prothonotary's office on April 8, 1986. This court did not grant any extension of time for the filing of plaintiff's brief.

matter may be disposed of pursuant to Berks County Local Rule 75(b), which provides in pertinent part:

"(b) If a party fails to file and serve his brief of argument as required by these rules . . . the court may consider the position of the party so failing to file and serve his brief as abandoned and, without further notice, order the matter granted or dismissed with prejudice, depending on which party has failed to comply, or act upon the matter in such manner as the court deems appropriate, including the imposition of sanctions for failure to comply with these rules."

With the discretion granted by Rule 75(b) well in mind, this court has reviewed the issue presented to it by plaintiff's petition against termination and the case law appertaining thereto.

Berks County Rule 570 provides in pertinent part:

"Rule 570 Civil/Criminal Cases in Court of Common Pleas

"(a) All civil . . . cases, other than support and eminent-domain proceedings, which remain open on the dockets of the prothonotary . . . and in which there is reflected no activity for a period of at least two years prior thereto, shall be listed by the prothonotary . . . for the next available civil . . . argument [court] . . . after notice of termination is given as provided below. [The prothonotary] shall give notice of the listing of said case in civil cases to counsel of record and to parties without counsel, as provided by Pa.R.J.A. 1901(c)(1) and (2) . . . at least 60 days prior to the argument court date listing that said case shall be terminated if no petition is filed by any party in interest, conforming in . . . civil . . . cases to Pa.R.C.P. 206 and 207 setting forth reasons why said case should not be terminated. If no petition contra termination is filed at least six days prior to

the argument court date to which the case has been listed, the prothonotary . . . shall strike the matter from the list and enter an order as of course terminating the case . . .

"(b) Termination of a case, under this rule, shall bar any further action thereon except by order of the court only after written petition on proper cause shown."

This rule was implemented pursuant to Pa.R.J.A. 1901, subdivision (a) of which states that "[i]t is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible . . . Where a matter has been inactive for an unreasonable period of time, the tribunal on its own motion, shall enter an appropriate order terminating the matter." Rule 1901 was designed to foster the elimination of stale cases from the judicial system where the parties have failed to proceed for an unreasonable length of time. See Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank and Trust Company, 29 Pa. Super. 454, 444 A.2d 1272 (1982), and the accompanying explanatory note to Rule 1901.

Interestingly, all of the appellate cases dealing with Rule 1901 pertain to cases wherein plaintiff's action had been dismissed pursuant to the local rule of court created pursuant to Rule 1901. We have discovered no cases concerning the termination of a case after petition and argument following an appropriately issued notice of termination.[2]

---

2. The note to Pa.R.J.A. 1901 suggests the following standard of review:

"Where a party objects to the termination of an inactive matter, it is intended that the court exercise its judicial discretion. . . ."

We believe, however, that the standard which is applicable to determining good cause for reinstatement of a terminated case is applicable here. Good cause for reinstatement must be based upon (1) the timely filing of a petition; (2) a reasonable explanation or excuse for the default, and (3) sufficient facts alleged to constitute grounds for the cause of action. Chaplynsky v. Broad Street Hospital, 305 Pa. Super. 497, 451 A.2d 757 (1982).[3] Our review of the pleadings and the procedural posture of the instant matter leads us to conclude that the first and third requirements are not at issue herein. However, the issue of reasonable explanation or excuse for the three years of inactivity in this case clearly remains.

Our review of available case law indicates that confusion or mental consolidation does not constitute a reasonable explanation. Wunster v. Peters, 318 Pa. Super. 46, 464 A.2d 510 (1983). Where counsel moved his office and failed to follow up on the case it has been held that no reasonable excuse had been proffered. Austin v. SEPTA, 304 Pa. Super. 56, 450 A.2d 98 (1982). See also, Emmert v. Reading Hospital, 78 Berks L.J. 41 (1985), where the failure to list argument date on calendar did not constitute a sufficient explanation.

Instantly, plaintiff has indicated that her excuse for the inactivity is based upon the need for extensive discovery. That the need for such discovery could be satisfied by inaction defies logic and credu-

3. See also, Haefner v. Sprague, 343 Pa. Super. 342-45, 494 A.2d 1115, 1117 (1985), stating that reinstatement may be permitted only upon establishing an "open judgment standard of promptness and merit, otherwise the policy of terminating stale claims as enunciated by Rule 1901 and implemented by local rules would be but an empty fulmination against stale matters pending in the judicial system."

lity. The lack of activity for three years and the expert's report dated 1982, which plaintiff waited three years to produce, contradict the argument in this regard and we hold that such does not constitute a reasonable explanation or excuse for the lack of activity.

Plaintiff's sole remaining assertion is that the case is now ready to be certified for trial. We are not impressed that this is true. It would be more correct to say that plaintiff now represents herself to be ready to proceed to trial. It is clear that defendants have been prevented by plaintiff's lack of cooperation from completing their discovery. The case itself is not ready for trial.

Thus we do not find plaintiff to have satisfactorily proffered a reasonable excuse or explanation for the long period of inactivity. Exercising the discretion contemplated by Berks County Rule 75(b) and inherent in Berks County Rule 570 as suggested in the comment to Pa.R.J.A. 1901, we now hold that plaintiff has failed to carry her burden with respect to the instant petition. Accordingly, the case will be terminated pursuant to Rule 570.

For the above reasons, we enter the following

### ORDER

And now, this May 14, 1986, plaintiff's petition contra-termination pursuant to Berks County Rule 570 is denied and it is hereby ordered that the instant case is terminated pursuant to Rule 570.