510 A.2d 355

Dorothy E. WINGER, Appellant,

v.

CROWTHERS, INC., Andrews and Pinkstone, Inc., Toole Associates, Inc., and Summit House Condominium Association.

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed May 27, 1986.

Frederick W. McBrien, III, Norristown, for appellant.
Nancy C.M. Balliet, West Chester, for appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

WICKERSHAM, Judge:

Dorothy E. Winger appeals from the order of the Court of Common Pleas of Chester County which denied her motion to reactivate and/or reinstate a dismissed cause of action.

On October 31, 1979, appellant purchased Unit 646F, Summit House Condominiums, located in West Chester, Chester County, Pennsylvania. On October 28, 1980, she filed a complaint alleging that she had been fraudulently induced into purchasing the condominium unit by appellees Crowthers, Inc. ("Crowthers") and Andrews and Pinkstone, Inc. ("Andrews and Pinkstone"), the realtors involved in the sale; Toole Associates, Inc. ("Toole"), the firm managing the condominium; and Summit House Condominium Association ("SHCA"), a homeowners' group. Appellant claimed

that all appellees knew or should have known about various latent construction defects in the condominium unit and on this basis sought recovery of the cost of repairs to her unit or, in the alternative, the diminution in value of her property caused by the defects. The complaint was inadvertently filed in Montgomery County, but was subsequently transferred to Chester County by order dated March 9, 1981. On October 26, 1983, the trial court dismissed appellant's action for inactivity pursuant to Chester County Rule 214.4.[1] Appellant allegedly did not receive any notice of the court's termination of this action until June 29, 1984, in the course

---

1. Rule 214.4 provides as follows:

(a) The prothonotary shall cause to be listed for general call at the first civil argument court held after September 1 of each year all civil matters in which no steps or proceedings have been taken for two years or more prior thereto and shall give notice thereof to counsel of record, and to the parties for whom no appearance has been entered, as provided by Pa.R.J.A. No. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the prothonotary shall strike the matter from the list and enter an order as of course dismissing the matter with prejudice for failure to prosecute, under the provisions of this rule. If no good cause for continuing a matter is shown at the general call, an order shall be entered forthwith by the court for dismissal.

(b) The clerk of courts shall list at the first criminal argument court held after September 1 of each year all criminal proceedings in which no steps or proceedings have been taken for two years or more prior thereto and shall give notice thereof to the district attorney, any private prosecutor and the defendant, as provided by Pa.R.J.A. No. 1901(c). If no good cause for continuing a proceeding is shown at the general call, an order for dismissal shall be entered forthwith by the court.

Under Rule 1901(c)(2), in those cases where it is unduly burdensome to research the captions, parties and mailing addresses of cases which have been inactive for two years or more, the moribund matters may be terminated by the adoption and publication of a general refiling requirement, without service of individual notice. Under such a local rule matters in which no paper has been filed within the previous two years would be deemed terminated without any further entry in the docket, and all such matters could be excluded from any computerized or other modern docket control system installed in the judicial district, subject to the right of the parties to reactivate the matter for good cause shown.

of another action involving SHCA, one of the appellees herein.[2]

On July 25, 1984, appellant filed a motion to reactivate and/or reinstate the dismissed action. Subsequently, after answers were filed and the deposition of appellant's counsel was taken, the court denied appellant's petition by order dated January 16, 1985. Appellant filed this timely appeal to our court in which she raises the following four issues for our consideration:

1. Is Local Rule 214.4 of the Rules of Procedure of the Court of Common Pleas of Chester County ineffective and unenforceable for failure to provide for pre-termination notice as required by Rule 1901 of Pennsylvania Rules of Judicial Administration?

2. Did the Chester County Common Pleas Court's enforcement of Local Rule 214.4 in effect dispense with notice to the parties prior to termination of the case for inactivity in violation of Rule 1901 of the Pennsylvania Rules of Judicial Administration?

3. Does Local Rule 214.4 of the Rules of Procedure of the Court of Common Pleas of Chester County, Penn-

2. This separate action was initiated by SHCA against appellant a short time after appellant filed the instant action, and indexed at No. 191, December Term 1980. In this second suit, SHCA sought to recover the special assessment imposed by it on all condominium owners to repair the construction defects which appellant alleged had been not disclosed to her in the first action. In response to the second suit, appellant filed an answer, new matter and counterclaim in which she incorporated by reference all allegations in her complaint in the first action. SHCA filed preliminary objections to this pleading, alleging that appellant had improperly joined a counterclaim in trespass with a complaint in assumpsit. Those preliminary objections were sustained. The distinction between assumpsit and trespass actions being dispensed with in the interim, however, appellant filed an amended answer and new matter again incorporating all of the allegations in her original complaint. SHCA then responded with a second set of preliminary objections to appellant's amended answer and new matter which, to date, has still not been disposed of by the court. Appellant's counsel testified that only when reviewing SHCA's second set of preliminary objections, on June 29, 1984, did he receive any notice of the court's intention to dismiss the action. (N.T. at 3–6). On July 5, 1984 appellant's counsel received confirmation from the Chester County Prothonotary's Office that this case had been dismissed for lack of activity, and on July 25, 1984 appellant filed a motion to reactivate and/or reinstate the dismissed cause of action.

sylvania and/or its implementation herein violate the due process clause of both the Pennsylvania and the United States Constitutions?

4. Did plaintiff meet its burden of proving "good cause" for the reinstatement and/or reactivation of her case dismissed, without notice to any of the parties, for inactivity?

Because of our disposition of appellant's first issue, however, we find it unnecessary to reach the merits of those issues remaining.

■ In her first issue, appellant alleges that Chester County Common Pleas Local Rule 214.4, which provides for the automatic termination of cases in which there has been no activity of record for a period of two years or more, without notice of an opportunity for a pre-termination hearing, is inconsistent with Pennsylvania Rule of Judicial Administration 1901(c) so as to render the local rule unenforceable.[3]

Rule 214.4 provides for the automatic termination "by operation of law" of any matter in which there has been no activity of record for two years or more. The rule contains a provision for reactivation of a case by the court for "good

---

**3.** We do not believe that appellant has waived this issue nor issues II and III for failure to specifically allege that the local rules' notice provisions were inadequate below. We acknowledge that generally a matter not raised in the trial court will not be considered on appeal. *See Commonwealth v. National Federation of the Blind,* 471 Pa. 529, 370 A.2d 732 (1977) (issue raised on appeal after denial of preliminary objections, which was not contained in preliminary objections or otherwise presented to the court, was waived). We hold, however, that here the issue was not waived for failure to raise it below because one of the principal reasons for the rule, ie., that it is unfair to reverse the trial court on a propositon not brought to its attention, does not exist in this case. *See Napoli v. Bianco,* 342 Pa.Super. 235, 492 A.2d 738 (1985). Here, appellant did present the trial court with the lack of notice issue central to her current issues on appeal. *See* Plaintiff's Brief In Support of Motion To Reactivate And/Or Reinstate Dismissed Cause of Action at 3–4. While it is true the notice issue did not comprise the major portion of her brief in support of reactivation, we must conclude that that issue was sufficiently discussed so as to form the basis for appellant's more eloquent formulation of that issue on appeal.

cause" shown. The local rule was enacted pursuant to Rule 1901 of the Pennsylvania Rules of Judicial Administration and in fact, is identical to the suggested local rule provided in the note to that general rule. Appellant nonetheless contends that the local rule is inconsistent with the general rule because it does not contain a provision for "at least 30 days' written notice of opportunity for hearing on such proposed termination," as does the general rule.[4]

█ In light of our recent disposition of the same issue in *Taylor v. Oxford Land, Inc.*, 338 Pa.Super. 609, 488 A.2d 59 (1985), concerning the similar Allegheny County Local Rule 229, we are constrained to agree. In *Taylor* we stated that even were the note following Rule 1901 read to authorize the adoption of a local rule which eliminated the pre-termination notice required in the rule itself, the general rule must govern. *Id.*, 338 Pa.Superior Ct. at 614, 488 A.2d at 62. Our court in *Taylor* further explained that it did not construe the note to have such a meaning, stating:

> Rule 1901(c) provides two methods of giving the prescribed pre-termination notice. Notice must be given in person or by mail, or by publication "in the manner provided by rule of court...." The statement contained in the [Note] clearly refers to the second method of providing notice, that is, by publication. As we under-

---

4. Rule 1901(c) provides in pertinent part as follows:

**(c) Minimum standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this ·paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

stand it, the 30 days prior notice may be given periodically, by the trial court's entry of an order or adoption of a general rule providing for the publication of a list of cases by name and docket number in which there has been no activity for a period in excess of two years. After such publication, those cases listed in the notice will then be considered terminated if no action is taken within the 30 days provided. Such an interpretation thus gives meaning to both the rule and the [note]. A contrary interpretation ... would effectively rewrite the rule and eliminate the requirement for pre-termination notice. Such an interpretation would render subsection (c) utterly meaningless and without effect. We do not believe that the Supreme Court, in adopting Rule 1901(c), intended to perform a useless act.

*Id.*, 338 Pa.Superior Ct. at 614–15, 488 A.2d at 62.

■ Following *Taylor*, we conclude that "the clear language of Rule 1901 requires pre-termination notice and because ... [the] local rule fails to provide for such notice, it is ineffective and unenforceable."[5] *Id.*, 338 Pa.Superior Ct. at 615, 488 A.2d at 62–63. Therefore, appellant's case was not "automatically" terminated and the order must be reversed.

Order reversed, case remanded. Jurisdiction relinquished.

**5.** Appellees draw our attention to Chester County Local Rule 233.1, which provides for notice by publication in the Chester County Law Reporter of those actions to be dismissed for inactivity. Appellees would equate the above rule with the procedure provided by Philadelphia County Local Rule 130, which similarly provides for termination of inactive cases. *See Wurster v. Peters,* 318 Pa.Super. 46, 464 A.2d 510 (1983); *Chaplynsky v. Broad Street Hospital,* 305 Pa.Super. 497, 451 A.2d 757 (1982). However, the Philadelphia rule requires notice by publication in the *Legal Intelligencer* sixty days prior to termination for inactivity. Publication in a purely local journal and without any express time of notice (although "notice" did in this instance occur 60 days in advance of termination) is simply not comparable. Thus, none of the cases involving the Philadelphia rule reach the issue in this case. *See Taylor v. Oxford Land, Inc.,* 338 Pa.Super. 609, 613, 488 A.2d 59, 61 (1985).