## Pannell v. State Farm Mutual Automobile Insurance Co.

*Edward W. Foley,* for plaintiff.
*Catherine Hill Kunda,* for defendant.

SMITH, *J.,* June 9, 1986 — Plaintiff has petitioned to reinstate this matter after it was dismissed under Pennsylvania Rule of Judicial Administration 1901. Rule 1901 authorizes the prothonotary to dismiss cases which lack docket entries for two continuous years. The issue presented here is whether a general notice in the Chester County Law Reporter that dormant cases will be dismissed satisfies Rule 1901's requirements. We find that it does not and thus reinstate the matter to active status.

The complaint seeking work-loss benefits was filed on September 3, 1982 by plaintiff's present counsel. On November 5, defendant filed its answer. Although nothing more was filed with the prothonotary, counsel corresponded frequently with each other over the next two years concerning medical bills and records, work-loss records, certifications for arbitration and trial, etc.

On September 5 and 12, 1985, the prothonotary published the following notice in the Chester County Law Reporter:

"DISMISSAL FOR FAILURE TO PROSECUTE
IN
ACCORDANCE WITH THE PROVISIONS OF
R.J.A. 1901(c) and LOCAL RULE 214.4

All civil actions in the Court of Common Pleas of Chester County in which no proceedings have been

docketed in the Prothonotary's office for a period of two successive years will be dismissed, with prejudice, and the docket so marked, at the expiration of 30 days from September 17, 1985, commencing on day of October 17, 1985.

Dismissal under the rule is subject to the right of any party to reinstate the action by written application for good cause shown. A list of the cases to be dismissed is available for inspection in the prothonotary's and the court administrator's offices. All inquiries should be directed to the prothonotary.

Irene B. Brooks,
Prothonotary".

No other notice was given to the parties.

The action was dismissed October 15, 1985. Neither party apparently was aware of the dismissal. (Defendants filed a notice of deposition on January 15, 1986.) Upon learning of the dismissal in January, 1986, (when the prothonotary returned plaintiff's certificate of readiness) plaintiff filed this petition to reinstate.

The criteria for reinstating a case to active status are: (1) the petition to reinstate must be timely filed, (2) the reason for the case's inactivity is reasonably explained or excused, and (3) the facts constituting grounds for the cause of action are alleged. International Telephone and Telegraph Corp. v. Philadelphia Electric Company, 250 Pa. Super. 378, 378 A.2d 986 (1977) (applying criteria for petition to open judgment of non pros to opening a case dismissed under Pa.R.J.A. 1901).

Here, the only criteria we must examine are whether the inactivity was excused.[1] Plaintiff first

---

1. The petition was filed March 17, 1986, within two months of plaintiff's discovery of the dismissal. Cf. International Telephone and Telegraph Corporation v. Philadelphia Electric Co., supra (two-year delay in filing petition is not

states that the case was active, although no entries were made on the docket. Both parties agree that they were busily undergoing informal discovery, and that plaintiff repeatedly requested that defendant certify the case ready for adjudication. It thus appears that this case was not a moribund matter lingering in their books due to oversight of counsel.

More importantly, plaintiff states that he did not certify this case as active because he was given no notice of the pending dismissal.

Pennsylvania Rule of Judicial Administration 1901(c) requires that before a matter may be terminated for excessive inactivity, the parties must be given notice of opportunity for a hearing on the termination either in person, by mail or by publication.[2]

In Taylor v. Oxford Land Inc., 338 Pa. Super. 609, 488 A.2d 59 (1985); petition for appeal granted, 508 Pa. 425, 498 A.2d 833 (1985); the Superior

---

timely); Matyas v. Albert Einstein Medical Center, 225 Pa. Super. 230, 310 A.2d 301 (1973) (five-year delay is not timely).

2. Rule 1901(c) provides:

"Minimum standards. Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) *By publication* in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown." Pa.R.J.A. 1901(c).

Court reinstated a case dismissed under the Allegheny County local rule which automatically terminated a dormant matter. The court, in holding that Pa.R.J.A. 1901 required some form of pretermination notice, wrote:

"As we understand it, the 30 days prior notice may be given periodically, by the trial court's entry of an order or adoption of a general rule providing for *the publication of a list of cases by name and docket number* in which there has been no activity for a period in excess of two years. After such publication, those cases listed in the notice will then be considered terminated if no action is taken within the 30 days provided. Such an interpretation thus gives meaning to both the rule and the comment." Id. at 614-615, 488 A.2d at 62 (Emphasis added.)

The notice as published in The Chester County Law Reporter in this case is insufficient. No list of cases by name or docket number appeared. It is true that a list of idle cases existed elsewhere. However, to give proper meaning to the rule, the prothonotary must do more than extend an open invitation to all potential dismissees to come to her office and see what files are in danger. The notice must be specific.[3]

The notice here was inadequate. Since plaintiff has adequately excused his inactivity, we

---

3. Under the new local practice, the prothonotary must give notice by mail that the inactive matter is subject to dismissal. See C.C.R.C.P. 249.2.

The old rule, C.C.R.C.P. 214.4(b) allowed for the general publishing of the need to certify a case as active where "it is unduly burdensome to research the captions, parties and mailing address." Here, the attorneys were present throughout. It does not appear burdensome to give individual notice.

## ORDER

And now, this June 9, 1986, this action is reinstated as an active case.