## Shield Systems Inc. v. Todarello

*Robert L. Byer* and *Larry K. Elliott,* special counsel for plaintiff in opposition to petition.

*Theodore E. Breault,* for defendant.

WETTICK, *A.J.,* April 6, 1988—The subject of this opinion and order of court is defendants' petition requesting this court to terminate this case for inactivity of record. The sole basis for the petition is that there has been no activity of record for three years and five months. Plaintiff opposes the petition on the ground that this court has no authority to terminate a matter solely on the ground of inactivity of record.

Under the common law, a court has the power to terminate an action through the entry of a judgment of non pros because of the failure of a plaintiff to prosecute his or her action within a reasonable time. But a court may terminate a case on this basis only upon a showing that plaintiff's delay caused some prejudice to the adverse party:

"A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no com-

pelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *Moore v. George Heebner Inc.*, 321 Pa. Super. 226, 229, 467 A.2d 1336, 1337 (1983), quoting *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

In 1973, the Pennsylvania Supreme Court adopted Judicial Rule of Administration 1901 which dealt with the termination of inactive cases. Subdivision (a) provides for tribunals, on their own motion, to terminate a matter which has been inactive for an unreasonable period of time. Subdivision (b) directs each court to adopt local rules to implement the policy expressed in subdivision (a). Subdivision (c) requires that parties be given at least 30 days' written notice of the opportunity for a hearing on the proposed termination.

Pursuant to Pa.J.R.A. 1901, the Common Pleas Court of Allegheny County adopted local rule 229(e) which provided for the automatic termination by operation of law of any matter in which there has been no activity of record for at least two years. On February 1, 1985, in *Taylor v. Oxford Land Inc.*, 338 Pa. Super. 609, 488 A.2d 59, affirmed 513 Pa. 34, 518 A.2d 808 (1986), the Pennsylvania Superior Court held that local rule 229(e) was invalid because it failed to provide at least 30 days' written notice of the opportunity for a hearing on a proposed termination for inactivity of record. On April 8, 1985, the Common Pleas Court of Allegheny County repealed local rule 229(e), effective May 1, 1985. This court has not adopted any local rule governing the termination of inactive cases following its repeal of local rule 229(e).

Defendants' petition to terminate these proceedings for inactivity of record was filed on May 8, 1987. On the same date, a rule was entered to show cause why the petition should not be granted. An answer to the rule was filed on June 1, 1987. A hearing on whether the rule should be made absolute was held on January 22, 1988. Through the use of this procedure which provides for the issuance of a rule and a hearing more than 30 days after the issuance of the rule, this court complied with the requirement of Pa.R.J.A. 1901 (as construed by the *Taylor* court) that parties be given at least 30 days' written notice of the opportunity to be heard on any proposed termination for inactivity of record.

If local rule 229(e) had not been repealed, this court, through the use of this petition and answer procedure, would have had the authority under this rule of court promulgated pursuant to Pa.R.J.A. 1901 to terminate a matter for inactivity of record for more than two years. But a court cannot terminate a matter for inactivity of record pursuant to Pa.R.J.A. 1901 in the absence of a local rule of court because Pa.R.J.A. 1901 contains no specified time in which a party must act in order to prevent termination for inactivity of record. Pa.R.J.A. 1901 refers only to a court acting on its own motion when the "matter has been inactive for an unreasonable period of time." The function of the local rule of court is to establish the time within which he or she must act to serve as the basis for terminating an action for inactivity of record.

Defendants contend that this court's dismissal of a case for inactivity of record pursuant to petition and answer practice was upheld in *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 520 A.2d 891, alloc. den. 531 A.2d 431 (1987). In that case, however, the court applied the three-

step analysis governing the entry of a judgment of non pros for failure to prosecute an action within a reasonable time. The court specifically found that plaintiff had failed to proceed with reasonable promptness, that plaintiff had provided no compelling reason for the delay, and that the delay had caused prejudice to defendant.

The issue in the present case is whether an action may be dismissed solely upon a showing of inactivity of record. While inactivity of record may serve as a basis for finding a lack of due diligence in failing to proceed,* the *Metz* opinion also requires a showing of prejudice. In the present case, defendants' petition does not allege defendants sustained any prejudice from plaintiff's delay. Consequently, defendants' petition to dismiss for inactivity of record is denied without prejudice to defendants to file a petition for the entry of a judgment of non pros based upon allegations of a lack of due diligence in prosecuting the matter, the absence of a compelling reason for the delay, and prejudice to defendants.

## ORDER OF COURT

On this April 6, 1988, it is hereby ordered that the May 8, 1987 rule to show cause why this action should not be terminated for inactivity of record is discharged and defendant's petition is denied. This order is entered without prejudice to defendant to file a petition for the entry of a judgment of non pros.

---

\* A delay for the period of the applicable statute of limitations is generally considered sufficient to show a lack of diligence in failing to proceed. *Carroll v. Kimmel,* 362 Pa Super. 432, 524 A.2d 954 (1987); *Kennedy v. Bulletin Co.,* 237 Pa. Super. 66, 346 A.2d 343 (1975).